

Civ. No. 10042.

United States District Court,
W. D. Pennsylvania.

June 23, 1952.

B. Nathaniel Richter, Richter, Lord & Farage, Philadelphia, Pa., for plaintiff.

Thomas E. Comber, Jr., Philadelphia, Pa., for third-party plaintiff.

Elston C. Cole, Philadelphia, Pa., for third-party defendant.

McCLURE v. BOEGER (FREDERICK, third-party defendant).

Civ. No. 12828.

United States District Court
E. D. Pennsylvania.

May 20, 1952.

KIRKPATRICK, Chief Judge.

In this action, for damages for personal injuries incurred in an automobile collision, the plaintiff has moved, under Fed.Rules Civ.Proc. Rule 34, 28 U.S.C.A., for the production of the defendant's policy of public liability insurance upon the automobile involved in the accident, in effect at the time. The only evidence of good cause for requiring production is an affidavit by the plaintiff's attorney in which he states "the provisions of the defendant's liability insurance policy may afford the plaintiff rights of which she would otherwise not be able to avail herself", citing the decision of the United States District Court for the Eastern District of Tennessee in Brackett v. Woodall Food Products, Inc., D.C., 12 F.R.D. 4.

I am unable to arrive at the conclusion which Judge Darr reached in the case cited that information relating to the amount and terms of the defendant's public liability insurance is properly obtainable either by means of interrogatories or under Rule 34, upon the sole statement that it may afford the plaintiff "rights" not otherwise available. Some liability policies have endorsements providing for payment of injured passengers' medical expenses, but any right of that kind which the plaintiff might have arises out of contract, is entirely different from the right which she is asserting against this defendant and cannot affect the position of either party in this suit.

I can see certain advantages to the plaintiff in knowing the extent of the defendant's coverage in an accident case, at least in a case where the defendant is otherwise judgment proof and the policy is the plaintiff's only resort for a recovery. For example, it might help the plaintiff to determine whether or not to accept an offer of settlement or to decide how much expenditure of time and money by way of preparation the case justified. However, every argument that could be made in favor of requiring the disclosure could also be made in favor of compelling a defendant in any civil case, tort or contract, to furnish the plaintiff with full information as to his financial resources, and, in the case of an individual, as to the extent of his private fortune.

Of course, the fact that the information would not be relevant and that the fact of liability insurance could not be introduced at the trial does not necessarily forbid discovery, but whatever advantages the plaintiff might gain are not advantages which have anything to do with his presentation of his case at trial and do not lead to disclosure of the kind of information which is the objective of discovery procedure. I think that to grant this motion would be to unreasonably extend that procedure beyond its normal scope and would not be justified.

The motion is denied.