MADDOX v. GRAUMAN, Judge.

Court of Appeals of Kentucky.

March 12, 1954.

John P. Ryan, Fielden Woodward, Boehl, Stopher, Kilgarriff, Graves & Deindoerfer, Louisville, for petitioner.

Edward A. Dodd, Ollie James Cohen, Smith & Smith, Robert E. Hogan, E. P. Sawyer, Wm. Loraine Mix, Hargadon, Lemaire & Hargadon, Wm. A. Miller, Louisville, for respondent.

STEWART, Justice.

This is an original action under RCA 1,420.

On December 28, 1952, Billy J. Montgomery, a passenger in an automobile driven by petitioner, Lewis R. Maddox, was injured when the vehicle skidded on an icy street in Louisville and struck a utility pole.

Montgomery filed a tort action against Maddox and another defendant, Peacock Coal Company. The liability of the latter is predicated upon its alleged negligence in permitting water from its premises to accumulate and freeze on the street where the accident occurred, making it slick and unsafe for travel.

Pursuant to CR 26.01 counsel for Montgomery and the co-defendant, Peacock Coal Company, proceeded on discovery to take the pre-trial deposition of Maddox. In the course of the examination, the following questions were asked:

"350. Q. Do you have public liability insurance?

"351. Q. Who is your insurance carrier?

"352. Q. What are the policy limits with respect to the maximum amount payable to any one person injured, or with respect to any one accident?"

Maddox's counsel objected to each question and instructed the witness not to answer. When the questions were certified to the Honorable Lawrence S. Grauman, before whom the action is pending in the Jefferson Circuit Court and who is the respondent herein, he ruled that the questions were within the scope of the examination and petitioner was ordered to answer them. Upon petitioner's refusal so to do, he found Maddox guilty of contempt under the authority of CR 37.03 but withheld execution of any punishment pending a final ruling of this Court.

The only issue raised in this action is: Must the defendant in an automobile negligence case in a pre-trial deposition for the purpose of discovery state whether or not he is insured and, if so, disclose the name of his insurance company and the limits of liability provided by his policy? Petitioner contends respondent in requiring him to answer these questions is proceeding erroneously within the jurisdiction of his court and great and irreparable injury will occur to him with the result that he will be without an adequate remedy by appeal or otherwise.

The disposition of this proceeding requires us to determine whether the inquiry is within the scope of examination contained in CR 26.02, which reads: "Unless otherwise ordered by the court as provided by Rule 30.02 or 30.04, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

These grounds are advanced as reasons why petitioner should not be compelled to respond to the questions: They are not relevant to the subject matter involved in the pending action; they do not relate to the claim or defense of any party to the action; and they are not "reasonably calculated to lead to the discovery of admissible evidence."

■ Rule 26.02 is substantially identical with Rule 26(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. See 2 Barron & Holtzoff, Federal Practice and Procedure (Rules Edition), Section 641, page 26; 2 Moore's Federal Practice (Second Edition), Part V, Chapter 26, page 1001. This Rule constitutes an innovation in Kentucky practice and, because of this fact, we are without precedent to guide us in its application. The Rule extends the scope of the examination to a non-party witness as well as to an adverse party. Some of the main purposes of this particular Rule are to permit, prior to trial: (1) the narrowing of the issues by eliminating matters about which there is no real controversy, (2) the securing of information with respect to the existence of evidence which may be used at the trial, and (3) the obtention of evidence for use at the trial.

■ The principle governing feature of the Rule is that the matter about which a witness may be examined must be "relevant to the subject matter" of the action, whether it relates to the claim or defense of the examining party or that of any other party. Even though it would otherwise be incompetent and inadmissible, information may be elicited if it "appears reasonably calculated to lead to the discovery of admissible evidence." The question of relevancy is more loosely construed upon pre-trial examination than at the trial, and the Rule requires only relevancy to the subject matter involved in the action. 2 Barron & Holtzoff, Section 647, pages 301 and 302.

■ The standard automobile liability policy evidences a contract which inures to the benefit of every person who may be negligently injured by the assured as completely as if such injured person had been named in the policy. Thus, if in the action filed by Montgomery a judgment should be recovered by him against Maddox and thereafter an execution on the judgment obtained should be returned, "No property found," then, under the insolvency provision contained in such a policy, Montgomery could forthwith bring an ancillary proceeding or independent action against Maddox's insurance carrier, assuming of course he had indemnity insurance coverage on his automobile, and compel the insurance company to pay on his judgment up to the limit of Maddox's policy. See United States Fidelity & Guaranty Co. v. Hall, 237 Ky. 393, 35 S.W.2d 550.

When an accident involving an insured automobile occurs, the insurance company ordinarily does the investigation work, employs counsel for its assured, assumes all control over the litigation, and is, in fact, one of the real parties in interest. In the case of Toppass v. Perkins' Adm'x, 268 Ky. 186, 104 S.W.2d 423, 428, Toppass, acting through his insurer's agents, obtained a settlement of and release from damages for the death of a guest, killed while riding in a car negligently operated by him, by representing that he was unable to pay more than a small sum, although in truth he

was at the time of the accident heavily insured. It was held the release should be vacated because it was procured by fraudulent representation under the circumstances. This Court there said that " * * * the contract of insurance was made for the benefit of those who might be injured or killed through the negligence of Toppass and such beneficiary stands in the place of the insured. * * *"

█ If the insurance question is relevant to the subject matter after the plaintiff prevails, why is it not relevant while the action pends? We believe it is. An insurance contract is no longer a secret, private, confidential arrangement between the insurance carrier and the individual but it is an agreement that embraces those whose person or property may be injured by the negligent act of the insured. We conclude the answers to the propounded questions are relevant to the subject matter of the litigation and within the spirit and meaning of CR 26.02. See Brackett v. Woodall Food Products, Inc., D.C., 12 F.D.R. 4; Orgel v. McCurdy, D.C., 8 F.R.D. 585; Superior Insurance Company v. Superior Court in and for Los Angeles County, 37 Cal.2d 749, 235 P.2d 833.

█ Petitioner maintains that an insurance policy is taken out "in anticipation of litigation" and, therefore, pursuant to CR 37.02 the court should not order Maddox to disgorge the facts inquired after here. This argument is without merit. This Rule specifies a certain class of writings that are privileged which a deponent or a party shall not be required to produce for inspection, but an insurance policy is clearly not within this privileged class. On the other hand, CR 34 plainly permits the court in an action such as the one at bar to order any party to produce a liability insurance policy for inspection and copying or photographing because, as we have shown, it relates to the subject matter involved in the pending action and is therefore within the scope of examination provided by CR 26.02.

█ We recognize and still adhere to the principle of law, long established in this

jurisdiction, that a reference to automobile liability insurance made in order to bias the minds of the jury at the trial is improper and will in practically every case constitute a reversible error, Star Furniture Co. v. Holland, 273 Ky. 617, 117 S.W.2d 603, but this issue is not before us in this case; in fact, it is not contended here that the insurance should be made known to the jury.

Wherefore, the order is denied.