Mrs. Rose McNELLEY, widow of Robert
R. McNelley, deceased,

v.

James W. PERRY.

Civ. A. No. 2676.

United States District Court
E. D. Tennessee, N. D.

Nov. 16, 1955.

Olen Henderson, Bolt and Henderson, Knoxville, Tenn., for plaintiff.

Poore, Cox, Baker & McAuley, Knoxville, Tenn., for defendant.

J. H. Doughty, Knoxville, Tenn., for witness Overton.

**ROBERT L. TAYLOR, District Judge.**

This case is before the Court on objections to interrogatories and on motion to limit the scope of examination of witness Overton.

The interrogatories were served by plaintiff on defendant. Plaintiff seeks through the interrogatories to elicit information as to whether, (a) defendant had public liability insurance covering the operation of motor vehicles on the day of the accident, (b) the name of the insurance company, (c) the policy limits with respect to the maximum amount payable to one person injured or with respect to any one accident, and (d) whether defendant gave his insurance carrier notice of the accident involved in the suit and the date of such notice.

The information is sought under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. This rule provides in substance that one party by service of interrogatories may make inquiry of his adversary on any matter which may be inquired into under Rule 26(b), which is as follows:

> "(b) Scope of examination. Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts.

> It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

The courts are not in agreement on the question of whether a litigant is entitled to have his adversary state whether he has liability insurance and, if so, the name of the insurance company and the amount of the policy. Cases that require the furnishing of such information are Orgel v. McCurdy, D.C.S. D.N.Y.1948, 8 F.R.D. 585, and Brackett v. Woodall Food Products, D.C.E.D.S.D. Tenn., 12 F.R.D. 4. The Kentucky Court of Appeals is in accord with the views announced in these cases. Maddox v. Grauman, Ky., 265 S.W.2d 939; 41 A.L.R.2d 964. Cases taking the opposite view are McClure v. Boeger, D.C.E.D. Pa., 105 F.Supp. 612, and Jeppesen v. Swanson, Minn.1955, 68 N.W.2d 649.

The courts are in unanimous agreement that the Federal Rules of Civil Procedure should be liberally construed to enable the litigants to obtain all information necessary through the discovery rules, except privileged information, that will disclose all facts relating to the controverted issues. As a general rule, the purpose of seeking information from an adversary, or a witness, is two-fold: (1) To use it in the trial, or (2) to use it as a lead to information for use in the trial. It is not shown in this case that the information sought about insurance would be relevant to either purpose. The circumstances may be such in a particular case as would make such information relevant. If the defendant is insolvent so that pro-ration of insurance may become an issue among various claimants, the question of insurance would become material. This was apparently the situation in the case of Brackett v. Woodall Food Products, supra. But it is well settled that testimony of insurance coverage, or lack of coverage, is not competent in a trial on the merits.

It is the conclusion of the Court that the objections to the interrogatories should be sustained.

We turn now to Overton's motion to limit the scope of his oral examination sought by defendant Perry. Overton has been served with a subpoena at the instance of defendant Perry and directed to bring with him at the time he testifies,

"* * * for examination and copying or photostating, all witnesses' statements, maps, photographs, and other documents in your possession or under your control and bearing in any manner upon the facts or circumstances of a collision between an automobile occupied by Robert R. McNelley, now deceased, and James W. Perry and an automobile occupied by one Wallace Stone, which collision occurred on June 4, 1954, on Gallaher Road in or near Oak Ridge, Tennessee."

Rule 45(b), 28 U.S.C.A., provides that a subpoena may command a person on whom it is served to produce the books, papers and documents described in the subpoena but the Court upon motion may quash or modify the subpoena if it is unreasonable or oppressive.

Subsection (d) provides for service of a notice to take depositions as provided in Rules 30(a) and 31(a) which constitute a sufficient authorization of the Clerk to issue subpoenas for the persons named in the notice and take depositions; that the subpoena may command the person to produce the documents listed in subsection (b) of Rule 45 and which contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b), but the subpoena will be subject to subdivision (b) of Rule 30, and subdivision (b) of Rule 45.

Subdivision (b) of Rule 30 authorizes the Court upon motion to limit the examination of the witness to certain matters. Rule 26(b) provides that the witness may be examined regarding any matter not privileged which is relative to the matters involved in the pending action. This rule states that the fact that the testimony will not be admissible at the trial shall not be subject to objection if it is reasonably calculated to lead to the discovery of admissible evidence. Rule 34 provides that upon motion and for good cause shown and subject to the provisions of Rule 30(b), the Court may, (1) order production and inspection and copying of the items therein listed which constitute evidence relating to any of the matters within the scope of Rule 26(b), or (2) order any party to permit entry upon designated land or other property in his possession for the purpose of inspecting, photographing, etc., within the scope of the examination permitted by Rule 26(b). Rule 33 gives any party the right to serve upon any adverse party written interrogatories to be answered by the parties served. The rule provides that the interrogatories may relate to any matters that may be inquired into under Rule 26(b). The provisions of Rule 30(b) are applicable for the protection of the party from whom answers are sought.

The defendant is not proceeding under Rules 33 or 34. The proceeding is under Rule 26. The questions to be determined are, (1) Is the information sought privileged? (2) Is it relevant, or (3) Is it reasonably calculated to lead to evidence which may be admissible?

It appears that the investigation of the accident was made by Mr. Overton for Mr. Wallace Grey Stone, who was the driver of one of the automobiles involved in the accident. He is not a party to the suit and has not intervened to object to Overton's furnishing the information sought.

Overton asserts that the information sought by Perry from him is privileged. With this contention we cannot agree. Hickman v. Taylor, 329 U. S. 495, 67 S.Ct. 385, 91 L.Ed. 451; Floe v. Plowden, D.C., 10 F.R.D. 504.

It is assumed that the information sought from Overton, or at least some of it, is relevant to the involved issues, or if not relevant as admissible evidence, it would likely lead to discovery of admissible evidence. For this reason he may be examined as to the names and addresses of the witnesses that he interviews and the steps he took in investigating the accident. If it develops that he investigated the place of the accident, he may be examined as to his findings. If he caused photographs to be made he may be examined as to them. But to permit defendant to get the benefit of the work performed by Overton and paid for by Stone by allowing Overton to turn over to defendant for inspection, copying or photographing "all witnesses' statements obtained" by Overton and relating to the subject matter of the suit would be taking an unfair advantage of both Overton and his employer Stone and will not be permitted at this time.

The Court can see no objection to requiring Overton to produce any maps or photographs that he may have pertaining to the subject matter for examination by defendant. Overton will therefore be required to bring all maps and photographs that he may have to the place at which his testimony is given for examination by defendant and will not be required to bring statements that he obtained from witnesses or any other documents that he may have. The examination of Overton may develop information that he has in his possession which defendant desires and to which he objects to giving, and if this situation should develop defendant should have the right to file another motion.

A motion similar to one under consideration was in the case of Floe v. Plowden, D.C.E.D.S.C.1950, 10 F.R.D. 504, which is referred to in the briefs. This Court agrees with the holding in that case.

Let an order be prepared in conformity with the views herein expressed.