327 P.2d 746

Livio DI PIETRUNTONIO, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona IN AND FOR COUNTY OF MARICOPA and The Honorable Lorna Lockwood, one of the Judges thereof, Respondent.

No. 6676.

Supreme Court of Arizona.

July 2, 1958.

Lewis, Roca, Scoville & Beauchamp, Phoenix, by John P. Frank, Phoenix, and Walter Linton, by Nathan Holt, Phoenix, for petitioner.

Langerman & Begam, Phoenix, for respondent.

PHELPS, Justice.

This matter comes to us on an original writ of prohibition directed against respondent, The Honorable Lorna Lockwood. The facts upon which the writ is based are those in the case of Susan Bronk, plaintiff, v. Livio Di Pietruntonio, defendant. Plaintiff is seeking damages from defendant for personal injuries alleged to have been sustained by her as the result of an automobile accident involving defendant and his pickup truck.

Pursuant to Rule 33, Rules of Civil Procedure, 16 A.R.S., plaintiff requested the defendant, petitioner herein, to answer the following interrogatories:

(1) "Did you on November 18, 1957, at approximately 6:45 p. m. have an automobile insurance policy covering the 1957 Chevrolet pickup in which you were involved in an accident at said time?

(2) "If your answer to the first interrogatory is in the affirmative, please state the name of the insurance carrier.

(3) "If your answer to the first interrogatory is in the affirmative, please state whether or not the said automobile insurance, at the said time included bodily injury coverage.

(4) "If your answer to the third interrogatory is in the affirmative, please state the limits of bodily injury coverage of the said insurance policy at the said time."

Thereafter timely objections were made to the foregoing interrogatories by petitioner upon the grounds that the information sought therein was "immaterial, irrelevant and outside of all lawful issues in said cause." After hearing thereon, and at the conclusion thereof, respondent ordered petitioner to answer the questions contained in the interrogatories. It is the position of petitioner that the Honorable Lorna Lockwood was without lawful authority to make such an order and that in doing so she exceeded the jurisdiction of the court over which she presided. Thereupon, petitioner instituted these proceedings for writ of prohibition. There is no question but that prohibition is a proper remedy to test the jurisdiction of the lower court in a case of this kind.

Rule 33, Rules of Civil Procedure, authorizes a party litigant to employ the use of interrogatories as a means of discovery, subject to the limitations upon their use by the provisions of Rule 26(b) thereof which reads as follows:

"Scope of examination. Unless otherwise ordered by the court as provided by Rule 30(c) or (e), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

The precise question presented to us as stated by petitioner in his brief is: whether in the ordinary automobile accident case the discovery process may be used to compel a defendant to reveal to a plaintiff the extent and nature of the insurance coverage of the defendant. It appears to be the universal rule that in order to comply with the purpose of the rules they should be given a liberal construction. McNelley v. Perry, D.C., E.D.Tenn.1955, 18 F.R.D. 360.

This question has been before a number of federal district courts resulting in conflicting results. A federal district court in New York in Orgel v. McCurdy, D.C., S.D.N.Y.1948, 8 F.R.D. 585, and a federal district court in Tennessee in Brackett v. Woodall Food Products, Inc., D.C., E.D. Tenn.1951, 12 F.R.D. 4, 5, both required defendant to disclose information concerning liability insurance carried by defendant. The district judge in New York based his decision upon the ground that "it may be generally relevant" which seems to be a more or less nebulous reason. To say that a thing may be generally relevant implies with equal weight that it *may not* be relevant.

The language of Rule 26(b) requires that it shall be relevant to the subject matter involved in the pending action in order to authorize its production. It does not authorize such discovery if *perchance it may be relevant*. If its disclosure would be "reasonably calculated to lead to the discovery of admissible evidence", it would be sufficiently relevant to require its disclosure, but, with due respect to the district judge in the New York case, we do not believe the above-quoted phrase used by him is sufficient ground upon which to rest his decision. The decision of the federal district court in the Brackett case, supra, is based, in part, upon the ground that the Tennessee legislature in 1951 passed a law requiring all operators of motor vehicles under certain circumstances to "show financial responsibility" which is defined as requiring specified minimum limits of liability in insurance policies. The court concluded from the tenor and purpose of such legislation that such insurance policies " * * * are definitely relevant to the subject matter of the pending actions growing out of accidents covered by such policies * * *."

On the other hand, a federal district court in Pennsylvania in McClure v. Boeger, D.C., E.D.Pa.1952, 105 F.Supp. 612, and a federal district court in McNelley v. Perry, supra, refused to require disclosure concerning coverage on amount covered by a liability insurance policy in automobile accident cases. In the McClure case the court in denying the motion to disclose facts concerning the insurance policy stated that while such information might be advantageous to plaintiff in determining whether or not to accept an offer to settle out of court, but, if it constituted good cause for such discovery it would be equally sound in requiring every defendant in a civil case, tort or contract, to disclose his wealth to plaintiff. The federal district court in Tennessee in denying the motion for discovery in a like case stated that:

" * * * As a general rule, the purpose of seeking information from an adversary, or a witness, is two-fold: (1) To use it in the trial, or (2) to

use it as a lead to information for use in the trial. * * *." McNelley v. Perry, D.C., 18 F.R.D. 360 at page 361.

This appears to us to be fully justified by the language used in Rule 26(b), supra.

The claim of respondent that plaintiff is entitled to such information for evaluation of his case for settlement was repudiated in Jeppesen v. Swanson, 243 Minn. 547, 68 N.W.2d 649, 658. Specifically, the court said:

"* * * Our decision is intended to hold only that, where the information is sought for the sole purpose of evaluating a case for the purpose of determining whether it would be advisable to settle, it is not discoverable under this rule. * * *."

In the case of Layton v. Cregan & Mallory Co., 263 Mich. 30, 248 N.W. 539, the court required the production of an insurance policy covering the automobile involved in an accident in which plaintiff was injured. This was done however, *solely upon the issue raised in the pleadings in which defendant denied ownership of the car.* Thereupon plaintiff sought production of the insurance policy under Rule 40. The court stated that if the insurance policy showed ownership of the car it was admissible for that purpose. This, of course, is thoroughly sound. In McDowell Associates Inc., v. Pennsylvania Railroad, D. C., S.D.N.Y.1956, 142 F.Supp. 751, the federal district court held that ownership of goods shipped over the Pennsylvania Railroad lines was an issue in the case and that the interrogatories relating to whether he had filed claim with insurance companies for loss of the goods should have been answered as relevant to the issues of ownership raised in the pleadings.

The case upon which respondent most strongly relies is People ex rel. Terry v. Fisher, 12 Ill.2d 231, 145 N.E.2d 588, 590. The court in that case reviewed most of the cases upon the question here involved and stated that the opinions on the subject were in conflict in both the state and in the federal district courts. The Illinois Supreme Court Rule, S.H.A. ch. 110, § 101.19–4, upon which the Illinois court relies in part in determining the issues in said case, insofar as pertinent, reads as follows:

"Upon a discovery deposition, the deponent may be examined regarding any matter, not privileged, relating to the merits of the matter in litigation, whether it relates to the claim or defense of the examining party or of any other party, including the existence, description, nature, custody, condition and location of any documents or tangible things and the identity and location of persons having knowledge of relevant facts."

The court stated however that:

"Section 388 of the Insurance Code (Ill.Rev.Stat.1955, chap. 73, par. 1000)

requires certain standard provisions to be included in liability policies affording injured persons a right of action against the insurer if execution against the insured is returned unsatisfied; section 58(k) of the Motor Vehicle Act (Ill.Rev.Stat.1955, chap. 95½, par. 58k) provides certain minimum liability insurance coverage for motor vehicles; and section 16 of the Truck Act (Ill. Rev.Stat.1953, chap. 95½, par. 253) requires motor carriers to have specified liability insurance policies before permits may be issued. Moreover, we have construed section 388 of the Insurance Code to be declarative of the public policy of this State to protect persons injured by the negligent operation of motor vehicles, and as conferring rights which cannot be defeated after the accident by the concerted action of the insured and the insurer. Scott v. Freeport Motor Casualty Co., 392 Ill. 332, 64 N.E.2d 542."

The court then proceeds:

"It is clear that the legislature, by virtue of the foregoing enactment, has placed liability insurance in a category distinct from the insured's other assets so far as persons injured by the negligent operation of his motor vehicle are concerned.

The court continued:

"Thus, under our statutes, as in California, liability insurance is not merely a private matter for the sole knowledge of the carrier and the insured, but is also for the benefit of persons injured by the negligent operation of insured's motor vehicle. [Citing] Superior Ins. Co. v. Superior Court, 37 Cal.2d 749, 235 P.2d 833.

The court continued:

"Therefore, we find more cogent the reasoning of the courts in the Brackett and Maddox cases, cited by respondent, that such statutory requirements render insurance policies relevant to the litigation against the insured defendant, in that they apprise injured plaintiffs of rights in the matter of litigation of which they might not otherwise avail themselves. * * * Thus, to deprive an injured party from learning of his rights against an insurer would, in effect, nullify the benevolent purpose of such statutes, and permit insurance companies to avoid their statutory obligation."

The court concludes its decision by saying that:

"On the basis of this analysis, it is our opinion that discovery interrogatories respecting the existence and amount of defendant's insurance may be deemed to be 'relat[ed] to the merits of the matter in litigation,' as provided in Civil Practice Rules 101.19–11 and 101.19–4, since they apprise in-

jured plaintiffs of rights arising out of the accident, otherwise, unknown, and which the public policy of this State protects, give counsel a realistic appraisal of his adversary and of the case he must prepare for, and afford a sounder basis for the settlement of disputes. We believe that such a construction is in acordance with the intention of the framers of the amended Rules to give a broader scope to the practice of discovery and thereby enable attorneys to better prepare and evaluate their cases."

A.R.S. § 28–1170, enacted in 1951, provides for the use of a standard "motor vehicle liability policy" (carriage non-compulsory) fixing a minimum amount for bodily injuries suffered in an automobile accident but it does not, in our opinion, have the effect of changing Rule 26(b). It is interesting to note that after the above decision of the Illinois Supreme Court was handed down Judge Juergens of the United States District Court for the eastern district of Illinois, on January 13, 1958, in the case of Gallimore v. Dye, D.C.E.D.Ill.1958, 21 F.D.R. 283, after considering the identical question we have under consideration, denied the right of discovery concerning the liability insurance coverage of the defendant. He quoted with approval the language of the district judge of the United States District Court for the eastern district of Tennessee, northern division, in

McNelley v. Perry, supra, to the effect that Rule 26(b), supra, limits the discovery in such cases to information either for use in the trial or to use it as a lead to information for use at the trial. He held that such information would neither be relevant to show negligence nor would it be calculated to lead to the discovery of admissible evidence showing negligence, and if permitted it would, under the cover of said rules, be possible to ascertain the nature and value of all other assets of a defendant which would constitute an invasion of his private rights in violation of the fifth amendment to the federal constitution.

The California decisions upon this question cited in People ex rel. Terry v. Fisher, supra, are of no aid to respondent for the reason that the California decisions rest upon a statute there to the effect that the insurance of the owner of an automobile causing injury to another inures to the benefit of the injured persons. The California court has interpreted this to mean that after such injured person has recovered a judgment for such injuries from the owner of the car he is then entitled to judgment against the insurance company issuing the policy. As in Illinois, the California court holds that the contract of insurance is not a private matter between the insurer and the insured for the reason that by the statute the insured is declared to be beneficially interested in such insurance policy. As in Illinois, the insured is held

to have such an interest as entitled him to discovery under interrogatories concerning the nature and extent of defendant's coverage.

Such is not the case in Arizona. We held in Tom Reed Gold Mines Co. v. Morrison, 26 Ariz. 281, 224 P. 822, 825, that:

"* * * The fact that the defendant carried casualty insurance as a protection from loss in case of accident is a matter in which neither the jury nor the plaintiff had any concern whatever. The defendant's liability in no sense depended upon it, and the injurious effect knowledge of it by the jury was likely to have is so apparent that it is unnecessary to discuss it. * * *"

The question in the Tom Reed case, supra, arose in a different manner than that involved in the instant case. There it arose on a voir dire examination of a juror. The pronouncement there made has been many times since enforced and may be said to be the established public policy of this state. The law pronounced in the Tom Reed case is substantive in character. Rules 33 and 26(b), Rules of Civil Procedure, are procedural. Therefore, we do not feel justified in uprooting a principle of substantive law to conform to a rule of procedure unless it is inescapable in the absence of statutes tending to broaden its use. We agree with the interpretation placed upon Rule 26(b), supra, by the federal district court in McNelley v. Perry, supra, to the effect that its purpose was to limit the meaning of the term "which is relevant to the subject matter involved" to the discovery of facts either (1) to use in the trial, or (2) to use it as a lead to information for use in a trial. [18 F.R.D. 361.]

In Maddox v. Grauman, Ky., 265 S.W.2d 939, 41 A.L.R.2d 964, the Kentucky Court of Appeals in discussing a rule substantially identical with Rule 26(b), supra, held that a standard automobile liability policy evidences a contract which inures to the benefit of every person who may be negligently injured by the assured as completely as if such injured person had been named in the policy. The court held plaintiff in that case was entitled to discover by interrogatory the pertinent facts relative to insurance coverage by defendant. We do not agree with this view upon the ground that the language in Rule 26(b), supra, does not justify it.

We believe that the decisions holding against discovery in cases like the instant case are better reasoned than those holding to the contrary. The California and Illinois cases cited by respondent are based in part upon their interpretation of statutes which, in our opinion, in nowise justify the broadening of the language used in Rule 26(b), supra. Our public policy declared in Tom Reed Gold Mines Co. v. Morrison, supra, is diametrically opposed to respond-

ent's position and Rule 26(b), supra, construed most favorably in favor of the right of discovery in the instant case does not justify it.

For the reasons above stated we hold that plaintiff is not entitled to the information sought in the above interrogatories. It is therefore ordered that the alternative writ be made permanent.

UDALL, C. J., and WINDES, STRUCKMEYER, and JOHNSON, JJ., concurring.