MAURICE RUARK and JEANETTE RUARK, Plaintiffs, v. JOHN HARLAND SMITH, Defendant.

(*January* 5, 1959.)

TERRY, President Judge, sitting.

*John M. Bader* (of the firm of Balick and Bader) for the plaintiffs.

*William Prickett, Jr.* (of the firm of Prickett and Prickett) for the defendant.

Superior Court for New Castle County, No. 332, Civil Action, 1958.

TERRY, President Judge:

The complaint alleges that the defendant on June 29, 1957, drove a motor vehicle against the person of the plaintiff who was then crossing U. S. Rt. 13A in Little Creek Hundred, Sussex County, Delaware. The allegations continue with particularity in respect to the defendant's negligence, and conclude with a prayer for damages resulting from personal injuries alleged to have been sustained by the plaintiff by reason of said collision.

The defendant appeared, answered the complaint, and filed various forms of discovery. The plaintiff answered appropriately.

Pursuant to Rule 33 of the Rules of Civil Procedure of this Court, *Del. C. Ann.* the plaintiff on May 27, 1958, propounded to the defendant certain interrogatories, two of which are objected to. They are as follows:

"10. At the time of and with respect to the accident of June 29, 1957, were you insured for personal injury automobile liability?

"11. If the answer to Question No. 10 is yes, give the following further information in regard thereto.

"(a) The name of the Insurance Company.

"(b) The monetary limits of coverage for one person involved in one accident as of June 29, 1957.

"(c) The provisions, verbatim, relative to 'medical payments' coverage."

The objections to Interrogatories 10 and 11 are upon the ground that the information sought therein is not relevant to the issues prior to trial.

Rule 33 authorizes a party litigant to employ the use of interrogatories as a means of discovery subject to the limitations upon their use by the provisions of Rule 26(b).

"Rule 33. * * * Interrogatories may relate to any matters which can be inquired into under Rule 26(b). * * *"

"Rule 26(b) Scope of Examination. Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, *which is relevant to the subject matter* involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of *relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial, if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.*"

The precise question presented is whether in the ordinary motor vehicle collision case the discovery process afforded under Rules 33 and 26(b) may be used by a plaintiff to compel a defendant to reveal prior to trial (1) if the defendant had personal injury liability insurance as of the time of the collision, and (2), if so, the name of the Insurance Company, and (3) the limit of said coverage.

The question is one of first impression in this State. Plaintiff's right to such discovery, however, has arisen in other jurisdictions in connection with various discovery procedures, such as examination before trial, interrogatories as in the instant case, and motion for production. The cases generally speaking have not been determined upon the exact amount of information desired, the particular discovery procedure involved, or the precise language of the discovery statutes or rules. Rather, they address themselves to the basic question, should an injured plaintiff be able to discover information about insurance coverage when it is clear that the same is not an issue in the case and it is evident that the plaintiff's desire for such information is for evaluation and settlement purposes.

I find a multitude of conflicting opinions upon the question both under the Federal and State decisions. The Federal con-

flicts appear under Rules 33 and 26(b) of the *Federal Rules of Civil Procedure*, 28 *U. S. C. A.*, while the conflicts appear under statutes or rules of court in the particular jurisdiction carrying a close analogy to the Federal Rules.

I have concluded, after reading the decisions, that the better reasoned ones disallow the type of discovery herein sought. *Dipietruntonio v. Superior Court*, 1958, 84 *Ariz.* 291, 327 *P.* 2d 746; *Gallimire v. Dye, D. C. E. D. Ill.* 1958, 21 *F. R. D.* 283; *Jeppesen v. Swanson*, 1955, 243 *Minn.* 547, 68 *N. W.* 2d 649; *McClure v. Boeger, D. C. E. D. Pa.* 1952, 105 *F. Supp.* 612; *McNelley v. Perry, D. C. E. D. Tenn.* 1955, 18 *F. R. D.* 360; *Brooks v. Owens, Fla.* 1957, 97 *So.* 2d 693; *Goheen v. Goheen*, 1931, 154 *A.* 393, 9 *N. J. Misc.* 507; *State ex rel. Allen v. Second Judicial District Court*, 1952, 69 *Nev.* 196, 245 *P.* 2d 999; *Superior Ins. Co. v. Superior Court*, 1951, 37 *Cal.* 2d 749, 235 *P.* 2d 833; *People ex rel. Terry v. Fisher*, 1957, 12 *Ill.* 2d 231, 145 *N. E.* 2d 588; *Maddox v. Grauman, Ky.* 1954, 265 *S. W.* 2d 939, 41 *A. L. R.* 2d 964; *Orgel v. McCurdy, D. C.*, 8 *F. R. D.* 585; *Brackett v. Woodall Food Products, Inc., D. C.*, 12 *F. R. D.* 4; *Villars v. City of Portsmouth*, 100 *N. H.* 453, 129 *A.* 2d 914.

The Supreme Court of this State in the case of *Lord v. Poore*, 9 *Terry* 595, 108 *A.* 2d 366, 370, held that the "mention of liability insurance in an automobile collision case is obviously prejudicial to the defendant." In the light of this declaration of prejudice, together with a complete lack of any showing of relevancy to the issues as framed by the pleadings or otherwise indicated by the plaintiff, the information sought by Interrogatories 10 and 11 must be denied.

An order will be entered upon motion.