Nell G. HILLMAN

v.

Robert E. PENNY.

Civ. A. No. 3762.

United States District Court
E. D. Tennessee, S. D.

Jan. 11, 1962.

H. Keith Harber, Chattanooga, Tenn., for plaintiff.

Goins, Gammon & Baker, Chattanooga, Tenn., for defendant.

WILSON, District Judge.

This is a suit for personal injuries arising out of an automobile accident. The plaintiff has filed a motion to require the defendant to disclose the facts with regard to any automobile liability insurance held by the defendant. This information is sought as a part of the discov-

ery authorized under the provisions of Rule 26(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. In substance this rule permits discovery of any matter, not privileged, which is "relevant to the subject matter involved in the pending action." The rule goes further to provide that discovery is not limited to testimony admissible upon the trial, but may extend to testimony "reasonably calculated to lead to the discovery of admissible evidence."

As reflected in the briefs filed by the parties, the courts are not in agreement upon the issue as to whether the disclosure of insurance coverage is a proper matter for discovery in a personal injury suit arising out of an automobile accident.

There is respectable authority holding that information as to insurance coverage and insurance limits is a proper matter for discovery in an automobile accident case. Brackett v. Woodall Food Products, 12 F.R.D. 4 (E.D.Tenn., S.D., 1951); Maddox v. Grauman, (Ky., 1954) 265 S.W.2d 939, 41 A.L.R.2d 964; Orgel v. McCurdy, (1948, D.C., N.Y.) 8 F.R.D. 585; People ex rel. Terry v. Fisher, (Ill., 1958) 12 Ill.2d 231, 145 N.E.2d 588.

There are likewise a number of well reasoned cases holding that such insurance information is not a relevant field of inquiry upon discovery. McNelley v. Perry, (D.C., E.D.Tenn., N.D., 1955) 18 F.R.D. 360; McClure v. Boeger, (1952, D.C., Pa.) 105 F.Supp. 612; Goheen v. Goheen, (1931) 9 N.J.Misc. 507, 154 A. 393; Roembke v. Wisdom, (D.C., Ill.) 22 F.R.D. 197; Gallamore v. Dye, (D.C., Ill.) 21 F.R.D. 283; DiPietruntonio v. Superior Court, 84 Ariz. 291, 327 P.2d 746; Ruark v. Smith, 1 Storey 420, 51 Del. 420, 147 A.2d 514; Brooks v. Owens, (Fla.) 97 So.2d 693; State ex rel. Allen v. Second Judicial Dist. Court, 69 Nev. 196, 245 P.2d 999; Jeppesen v. Swanson, 243 Minn. 547, 68 N.W.2d 649.

Even within this district, a different result has been reached in two published opinions, the case of Brackett v. Woodall Food Products, supra, holding that insur-

ance information might properly be discovered and McNelley v. Perry, supra, holding to the contrary. It might be pointed out, however, that in the Brackett v. Woodall Food Products case punitive damages were involved and therefore under Tennessee practice the financial resources of the defendant would be a relevant issue upon trial of the case.

It is obvious from the foregoing that Rule 26(b) of the Federal Rules of Civil Procedure is not clear in this regard, but is subject to at least two interpretations, one limiting discovery only to matters that would be admissible on the trial or would reasonably be expected to lead to matters admissible upon the trial (McNelley v. Perry, supra) and the other interpretation broadening the scope of the rule to include anything that might, from the viewpoint of the attorneys, be relevant in any way to their preparation or handling of the case (Maddox v. Grauman, supra).

Since the meaning of the rule is not free of ambiguity in this regard, while recognizing that the rules are entitled to a liberal construction to accomplish their general purpose, a rule of reasonableness should be applied in arriving at an interpretation. As reason is the soul of the law, so too the rules should be interpreted in the light of reason and experience. A construction should not be put upon them to accomplish change in existing procedure and practice merely for the sake of change. A liberal interpretation does not *necessarily* mean an interpretation that would accomplish a change in former practice. A liberal interpretation *does* necessarily involve a reasonable interpretation. The word "liberal" is not synonymous with change. It does encompass the idea of reasonableness. It does involve a willingness to make changes, but only when changes are based upon reason.

Considering now the interpretation of Rule 26(b), it must be admitted that the disclosure of insurance information in an automobile accident suit has a basis in reason. This information would unques-

tionably be influential with the plaintiff's attorney, as it unquestionably now is influential with the defendant's attorney. That it would contribute to a more prompt or more just settlement of lawsuits however, as contended for by the plaintiff, might be arguable. It might with equal logic be contended that the disclosure of such information would render settlements more difficult and increase the probability of a trial.

However it appears to the Court that the weight of reason is on the side of interpreting the rule as not contemplating or permitting the disclosure by discovery of insurance matters in the ordinary automobile accident case, where punitive damages are not involved and where the evidence would not be admissible upon trial nor reasonably lead to admissible evidence. The reason for this interpretation becomes apparent when insurance is viewed in what the Court considers to be its proper perspective, i. e., as one resource among possible other resources that may be available to satisfy any judgment, should liability and damages be established.

If insurance can be discovered, then logically it should follow that all assets which may be available to satisfy any judgment should likewise be discoverable. The basic issue is therefore whether the resources of the defendant should be fully disclosed upon discovery in an automobile accident case prior to judicial determination of liability or damages. It seems to the Court that not only is such inquiry going considerably astray from the issues of liability and damages, but that the plaintiff's interests in and reasons for acquiring this information are considerably outweighed by the defendant's right to privacy and right to refrain from disclosing his confidential affairs until such time as such disclosure may be relevant or necessary in the interests of justice. It seems to the Court that the interpretation contended for by the plaintiff would unduly invade the right of privacy prior to a determination of any liability.

A groundless claim might then become the vehicle for making full inquiry into all of the confidential financial affairs of any luckless defendant involved in an automobile accident. It is more reasonable to believe that such a result was not contemplated in the drafting and adoption of the rules. The right to individual privacy is of necessity being curtailed and reduced with the growth of the population and government in general. The courts should not unnecessarily contribute to this process. This Court does not believe that even a liberal interpretation of Rule 26(b), F.R.C.P., requires any different result. This same question was presented in the case of Jeppesen v. Swanson (1955), 243 Minn. 547, 68 N.W.2d 649. Although this involved the state rule, the wording was identical to the federal rule. The Court there stated:

> "Under the guise of liberal construction, we should not emasculate the rules by permitting something which never was intended or is not within the declared objects for which they were adopted. Neither should expedience or the desire to dispose of lawsuits without trial, however desirable that may be from the standpoint of relieving congested calendars, be permitted to cause us to lose sight of the limitations of the discovery rules or the boundaries beyond which we should not go. If, perchance, we have the power under the enabling act to extend the discovery rules to permit discovery of information desired for the sole purpose of encouraging or assisting in negotiations for settlement of tort claims, it would be far better to amend the rule so as to state what may and what may not be done in that field than to stretch the present discovery rules so as to accomplish something which the language of the rules does not permit."

An order will enter accordingly.