Mary Jane ROSENBERGER, Adm'x of the Estate of George A. Rosenberger, Deceased, Plaintiff,

v.

Dr. Manuel C. VALLEJO, Defendant.

Velma Mae VALLEJO, a minor, by Manuel C. Vallejo, her guardian and husband, and Manuel C. Vallejo, his wife, and in his own right, Plaintiffs,

v.

Mary Jane ROSENBERGER, Adm'x of the Estate of George A. Rosenberger, Deceased, and Lufthansa German Airlines, a corporation,

v.

Manuel C. VALLEJO, Defendants.

Civ. A. Nos. 61–383, 61–391.

United States District Court
W. D. Pennsylvania.

May 7, 1962.

Civ.A. No. 61–383:

Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa., for Mary Jane Rosenberger.

Herbert Jacobson, Pittsburgh, Pa., for Dr. Manuel C. Vallejo.

Civ.A. No. 61–391:

George S. Goldstein, Pittsburgh, Pa., for Velma Mae Vallejo and others.

Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for Mary Jane Rosenberger and Lufthansa German Airlines.

Herbert Jacobson, Pittsburgh, Pa., for Dr. Manuel C. Vallejo.

GOURLEY, Chief Judge.

Defendant's objection to plaintiffs' interrogatory in Civil Action 61–383 requesting defendant to state whether he carried automobile liability insurance and the extent of the coverage raises an interesting and perplexing problem. Determination of the limits of liability insurance coverage undoubtedly may be very helpful in securing the expeditious and early settlement of a law suit. If potential damages are high, yet the plaintiff knows that the limits of liability are low, the plaintiff will be willing to settle the case for a sum much less than the potential recovery. See Hill v. Greer, U. S. District Court for the District of New Jersey, C.A. 754–61, filed December 4, 1961, officially unreported. *30 F.R.D. 64*

On the other hand, the Court can well visualize circumstances where a disclosure of the amount of insurance coverage to a plaintiff having a lesser case might jeopardize possibilities of settlement when such plaintiff is apprised of a much larger insurance coverage than the value of his case, and, human nature being what it is, such plaintiff would be apt to increase his demand for settlement.

There is respectable authority holding that information as to insurance coverage and insurance limits is a proper matter for discovery in an automobile accident case, Brackett v. Woodall Food Products. 12 F.R.D. 4 (E.D.Tenn., S.D., 1951); Maddox v. Grauman, (Ky., 1954) 265 S. W.2d 939, 41 A.L.R.2d 964; Orgel v. McCurdy, (1948, D.C., N.Y.) 8 F.R.D. 585; People ex rel. Terry v. Fisher, (1958) 12 Ill.2d 231, 145 N.E.2d 588.

There are likewise a number of well reasoned cases holding that such insurance information is not a relevant field of inquiry upon discovery. Hillman v. Penny, D.C., 29 F.R.D. 159; McNelley v. Perry, D.C., 18 F.R.D. 360; McClure v. Boeger, D.C., 105 F.Supp. 612; Goheen v. Goheen, 9 N.J.Misc. 507, 154 A. 393; Roembke v. Wisdom, D.C., 22 F.R.D. 197; Gallimore v. Dye, D.C., 21 F.R.D. 283;

DiPietruntonio v. Superior Court, 84 Ariz. 291, 327 P.2d 746; Ruark v. Smith, 1 Storey 420, 51 Del. 420, 147 A.2d 514; Brooks v. Owens, Fla., 97 So.2d 693; State ex rel. Allen v. Second Judicial Dist. Court, 69 Nev. 196, 245 P.2d 999; Jeppesen v. Swanson, 243 Minn. 547, 68 N.W.2d 649.

Upon an evaluation of the authorities which reflect both points of view, I am of the belief that merit exists on both sides of the argument. It is my considered judgment that no generalized, sweeping conclusion should be enunciated and that each case must necessarily be governed on its own merits. Where, for example, a circumstance exists where liability is admitted and damages are most substantial, it would appear that a duty would exist upon a defendant to disclose the amount of insurance where such insurance is limited in amount and that such disclosure should be made at the very inception of the proceeding.

On the other hand, where liability is hotly contested and said determination is most conjectural, I see no justification for disclosing insurance coverage in the early discovery phases of preparation for trial.

The instant proceeding involves an intersection collision wherein liability is highly disputed. In addition, we are concerned with a passenger who would be in a position to recover against both the operator of the vehicle as well as against the defendant vehicle, if, in the course of trial, such passenger is able to establish any act of negligence on the part of either of these individuals. It would seem, therefore, that in the present status of the proceeding the Court is unable to conceive of any assistance that a disclosure of insurance coverage might serve toward the amicable disposition of these actions. The Court, however, can well visualize that as the case develops and the liability phase becomes more definite, that a disclosure of insurance coverage might effectuate a prompt settlement.

An appropriate order is entered.