**Luis Mauras MONTÁNEZ, Plaintiff,**

v.

**DELWIS, INC., a corporation of the State of Delaware, Defendant.**

**Civ. A. No. 3199.**

United States District Court
D. Delaware.

Oct. 18, 1966.

F. Alton Tybout and Morton Richard Kimmel, Wilmington, Del., for plaintiff.

H. Albert Young and William F. Taylor, Young, Conaway, Stargatt & Taylor, Wilmington, Delaware, for defendant.

OPINION

LAYTON, District Judge.

This is an accident case in which plaintiff, a Puerto Rican farm laborer, was injured while riding in a bus filled with other laborers. The bus left the highway and crashed into a tree. Seven of the workers were killed and the remaining 20 suffered varying degrees of injuries. For reasons not disclosed, 26 of these cases were filed in the State Superior Court. This case, in which plaintiff was hopelessly crippled, was filed in this Court.

Plaintiff has propounded the following interrogatory to which defendant objects:

"23. If there was in effect on accident date any liability insurance covering bodily injuries to passengers received on your buses, state:

(a) The name of the insurer.

(b) The terms of each policy as to coverage of this accident.

(c) The effective date of the policy."

The question whether a party should be permitted to use the rules of discovery to compel the discosure of information concerning the existence of insurance coverage before the issue of liability has been determined is in sharp dispute.

Moore's Federal Practice, Vol. 4, P. 1188, reasons that such information should be permitted to be disclosed. However, the authorities against disclosure substantially outnumber those favoring it. Moreover, in Ruark v. Smith, 1 Storey 420, 147 A.2d 514 (Del. Super.Ct.1959), Judge Terry, after examining a number of the authorities on the point, denied such an application. Circumstances may be imagined where the disclosure of such information is so relevant to an issue in the suit as to require disclosure. Thus, details of a policy which might throw light on the relationship of the parties or the ownership of property have been ordered disclosed. See Plyler v. Gordon, 25 F.R.D. 170 (D.N.J.1960); McDowell Associates, Inc. v. Pennsylvania Railroad, 142 F. Supp. 751 (S.D.N.Y.1956).

But where no moving reason is advanced for disclosing information as to the amount and details of insurance, I can see no good reason for permitting it, particularly where to do so would conflict flatly with the state court policy just referred to. Accordingly, defendant's objection to plaintiff's interrogatory 23 is sustained,

A number of plaintiff's interrogatories to which defendant has objected seek to obtain a resume of the contents of reports, statements and opinions relating to this accident in the possession of defendant. I sustain the objections to this type of interrogatory. Interrogatories may be employed to obtain information as to the existence, whereabouts and general nature (but not contents) of reports in the possession of the adverse party, after which, upon a showing of good cause under Rule 34, the moving party may be permitted to inspect such documents. E. I. Du Pont De Nemours & Co. v. Phillips Petroleum Co., 23 F.R.D. 237, 239 (D.Del.1959); Harvey v. Eimco Corporation, 28 F.R.D. 380 (E.D.Pa. 1961). But these interrogatories seeking, as they do, the contents of such reports, statements and opinions without a showing of good cause are improper and the objections thereto are sustained.