Mary V. GANGEMI, Individually, Mary V. Gangemi, as widow of John James Gangemi, Deceased and as Administratrix of the Estate of John James Gangemi, Deceased and Judy Gangemi, a minor, by her next friend, Mary V. Gangemi, Plaintiffs,

v.

Mary Gregg MOOR and A. Massey Moor, Defendants.

Civ. A. No. 3268.

United States District Court
D. Delaware.
May 19, 1967.

Harold Schmittinger, of Schmittinger & Rodriguez, Dover, Del., for plaintiffs.

Henry Ridgely and G. Francis Autman, Jr., Dover, Del., and Roger Sanders, of Prickett, Ward, Burt & Sanders, Wilmington, Del., for defendants.

## OPINION

CALEB M. WRIGHT, Chief Judge.

This is an action for personal injuries, wrongful death and property damages stemming from an automobile accident which occurred on December 27, 1964. Jurisdiction is based on diversity of citizenship; the plaintiffs are Maryland residents and the defendants reside in Delaware. The question of liability is highly disputed, and the defendants have filed a counterclaim for $100,000 for personal injuries and property damages.

Subsequent to the commencement of the action the plaintiffs filed certain interrogatories. Numbers 21–24 relate to the existence of defendants' insurance coverage, and its amount; interroga-tory number 25 asks for an itemized schedule of the defendants' assets and their values. The defendants declined to answer interrogatories 21–25 claim-ing that the information called for was "privileged." [1] The plaintiffs then moved to compel the defendants to an-swer the interrogatories; it is this mo-tion which is now before the Court.

There is considerable conflict between the various district courts as to whether the information called for should be or-dered supplied, and resolution of the con-flicting positions taken by the lower federal courts will apparently have to await an authoritative pronouncement from the appellate courts. Pending such a pronouncement, the lower courts are free to follow their conscience.

As far as the discovery of an insur-ance policy is concerned, the leading case in this area which permits discovery is Johanek v. Aberle, 27 F.R.D. 272 (D. Mont.1961). Judge Jameson analyzed the cases and found that Rule 26(b) of the Federal Rules of Civil Procedure re-quired disclosure of the existence, nature and extent of the defendants' insurance coverage. Judge Jameson placed great reliance on the financial responsibility laws of Montana which he construed as giving the plaintiff a "discoverable in-terest" in the defendants' insurance pol-icy. Delaware has a similar law, 21 Del. C. § 2901 et seq., (1953), but this statute has never been thought to give injured plaintiffs a "discoverable interest" in the defendants' insurance coverage. In fact, the law in Delaware is that no such discovery will be permitted. Ruark v. Smith, 51 Del. 420, 147 A.2d 514 (Super. Ct.1959). Absent some indication by the Delaware Courts that their statutes com-prehend such a policy, this Court is loath to interpret the Delaware financial re-sponsibility law as creating any such dis-coverable interest. Furthermore, even in the event the Delaware statute was so intended, that would not be conclusive for our purposes since state law cannot

---

1. Technically, of course, the information sought is not privileged, and defendants concede this point in their brief. The correct objection to the information sought is that the information is not relevant.

govern federal procedural question. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Cf. 4 Moore, Federal Practice ¶ 26.23 [9] (1962).

The second part of Judge Jameson's argument reads Rule 1 of the Federal Rules into Rule 26(b). Rule 1 provides: "[These rules] shall be construed to secure the just, speedy, and inexpensive determination of every action." Rule 26(b) provides that "the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *." In effect, Judge Jameson would define relevant matter as any information which might hasten the determination of lawsuits. The reasoning here is that knowledge of an adverse party's insurance coverage promotes realistic settlement negotiations, advancing the likelihood of a termination of lawsuits in advance of trial. But, this argument has two sides, and the court does not find the above-recited side dispositive. It is equally possible that the awareness of extensive insurance coverage will impel a plaintiff's attorney to "shoot the works" in the hope of a large judgment whose collection is assured, when, had he been ignorant of the size of the insurance coverage, he would have accepted a reasonable settlement. "Developments in the Law—Discovery", 74 Harv.L.Rev. 940, 1018–19 (1961).

It is difficult to see how insurance coverage differs from other assets of a defendant so that insurance coverage should be discoverable while other assets are not. The insured purchases insurance for the protection of himself and his family, not the prospective injured party. Only in those states with compulsory insurance laws can the injured party be said to be a beneficiary of the contract, and even in those states his "interest" in the policy should only extend to the statutory minimum coverage.

Adding to the proliferation of conflicting decisional law in this area is the opinion of Judge Fulmer of the Middle District of Pennsylvania, concurred in by other judges of that District, in Slomberg v. Pennabaker, 42 F.R.D. 8 (April 5, 1967). Judge Fulmer relied on Kiernan v. Van Schaik, 347 F.2d 775 (3d Cir. 1965), for the proposition that insurance coverage was a relevant issue in tort litigation. *Kiernan* holds that voir dire questions relating to the prospective jurors' contacts with insurance companies are relevant, and that a trial court's failure to give them was reversible error. To stretch *Kiernan* so that it covers the question of insurance's relevancy for discovery purposes is an unwarranted reading of the case. With the reasoning and conclusions advanced in *Slomberg* this Court cannot agree.

■ Finally, and most persuasively, the very question with which this Court is confronted was recently before my brother Layton in Montánez v. Delwis, Inc., 41 F.R.D. 230 (D.Del.1966). Judge Layton held that he could "see no good reason for permitting [inquiry as to the amount and extent of insurance coverage]." Id. at 231. For the reasons expressed above, I must concur with my brother Layton despite my awareness of a contrary position taken by the Middle District of Pennsylvania and shared by Professor Moore. 4 Moore, Federal Practice ¶ 26.16 [3] (1962). Absent a contrary indication from the Third Circuit, the law in this District is that such discovery is unwarranted.

■■ Finally, with respect to interrogatory 25, which calls for a schedule of the defendants' assets, the Court feels constrained to say that this interrogatory is without precedent in this Court's experience. Although there is admittedly a conflict of opinion as to whether insurance coverage is discoverable, none of the cases have sought to make pretrial discovery a substitute for the creditor's bill. In fact, the Federal Rules make special provision for discovery of the assets of a judgment debtor by way of supplemental proceedings. Rule 69(a), Fed.R. Civ.P. The interpretation of Rule 26 (b) urged by the plaintiffs herein would make Rule 69(a) superfluous. Any such

**22**

interpretation of the Federal Rules should be avoided. Further, it should be noted that even in those cases where discovery of insurance was permitted the courts have carefully distinguished the case of insurance from other types of assets: "automobile liability insurance protection is not in the same category as other assets of the insured." Johanek v. Aberle, 27 F.R.D. 272, 278 (D.Mont. 1961).

In accordance with the foregoing, the plaintiffs' motion to compel answers to interrogatories 21–25 is denied.

Let an appropriate order in conformity herewith be submitted.