## Adams v. Rio Paper Co.

*Jeffrey M. Freedman*, for plaintiffs.
*Edwin L. Scherlis*, for defendant.

TAKIFF, *J.*, November 13, 1975—This motion for protective order arises from an action for damages for personal injuries allegedly suffered as a result of an accident between defendant's truck and plaintiffs' automobile. In response to inquiries concerning insurance coverage, defendant has informed plaintiffs that at the time of the accident, defendant's vehicle was covered through Merchants Mutual Insurance Company with policy limits in the amount of $100,000/$300,000. Plaintiffs have scheduled a deposition of defendant and requested defendant to produce financial statements for the past three years, 1975, 1974 and 1973. Defendant requests an order precluding plaintiff from discovery of the financial records of defendant, claiming that until such time as a money judgment is obtained against it, its financial condition is of no relevance, is privileged, and is beyond the scope of permissible discovery.

Under Pa.R.C.P. 4007, a deponent may be examined regarding "any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case," subject to the limitation of Rule 4011. The issue presented in the instant case is one which arises following the recent decision of Szarmack v. Welch, 456 Pa. 293, 318 A. 2d 707 (1974), in which the Supreme Court held that plaintiff in a trespass action for personal injuries was entitled to pretrial discovery of the extent of automobile liability insurance carried by defendant. Each of the parties

presently relies on Szarmack in support of its position.

The rationale of Szarmack is that "[r]ealistically, the plaintiff and his attorney must have some assurance that there can be recovery in the event of a favorable verdict to justify the time, effort and expense in the preparation of the case for trial," and, additionally, such knowledge is valuable "in evaluating offers of settlement." In the face of a substantial body of opinion reaching a contrary conclusion (Szarmack, supra, fn. 1, at page 295), our Supreme Court allowed pretrial discovery as to insurance coverage. Plaintiff asserts that since a proper evaluation of her claim indicates that defendant's insurance coverage is inadequate, defendant's financial condition is relevant and discovery should not be limited to ascertaining the amount of insurance.

An identical argument was rejected by the Mercer County Court of Common Pleas in McDonald v. Gross, 47 D. & C. 2d 68 (1969), following that court's pre-Szarmack decision allowing discovery of the extent of a defendant's liability insurance. Discovery of defendant's personal assets was there denied, even though she had no liability insurance. Insurance coverage was found to be distinguishable from other assets in that it is procured for the very purpose of satisfying such liabilities; by the same token, disclosure thereof would not cause hardship to a defendant in other aspects of his affairs. Moreover, the court also cited Pa.R.C.P. 3117, which allows discovery of a defendant's assets *after* judgment in aid of execution. (An analogous argument was sustained under the Federal rules in Gangemi v. Moore, 268 F.

Supp. 19 (D.Del. 1967). However, that case was decided prior to the amendment to F.R.C.P. 26(b), p. 66 (1975 ed.), permitting discovery of insurance coverage, and held that such coverage was not discoverable.)

In dicta, Szarmack also distinguished the case of personal assets at pages 299-300:

"Appellant also raises the argument that the extent of insurance coverage is privileged. Basically, he asserts that insurance coverage is no different from other private financial information which determines the defendant's ability to pay a potential judgment. We cannot agree. Insurance coverage is not in the same category with the defendant's other assets. The worth of such coverage is contingent on recovery by the plaintiff, and its sole purpose from the defendant's point of view is to protect his other assets. This is not to require disclosure of the private financial status of an individual, but merely to reveal the extent of protection which was purchased specifically for such eventuality. As we have noted, the defendant (presumably the party whose privacy would be violated) is not the party resisting disclosure since such disclosure would tend to dispose of claims within policy limits and relieve defendant of personal exposure."[*]

Plaintiff seeks to distinguish this language, asserting that while the financial status of an individual may be privileged, that of a corporation is not. This distinction is without merit. Disclosure of the financial status of either an individual or a corporation is an issue not of privilege but of relevancy. Compare Judson v. Tracey, 25 D. & C. 2d 97 (1961)

---

[*]In Szarmack, disclosure was resisted by the insurance company; here, defendant itself asserts its right to withhold information as to its financial condition.

(discovery of individual defendant's financial condition permitted as relevant for jury consideration on the issue of punitive damages) *with* Pater v. Tomsic, 57 D. & C. 2d 340 (1972) (discovery not permitted where there was nothing of record to substantiate plaintiff's punitive damage claim other than the bald averments of the complaint, and the case was of a type in which punitive damages are rarely allowed). Szarmack established the extent of insurance coverage as legally relevant to the preparation of a personal injury action; however, as the court there recognized, information regarding a defendant's total financial circumstances fails to meet the test of legal relevance, particularly in view of the prejudice and undue harm to defendant which could result from such disclosure.

Wherefore, we enter the following

### ORDER

And now, November 13, 1975, upon consideration of the within motion for protective order, it is ordered and decreed that plaintiff is precluded from discovery of the financial records of defendant.