**AUTOMOBILE CLUB INSURANCE COMPANY, Appellant,**

v.

**Wanda TURNER, Appellee.**

Court of Appeals of Kentucky.

May 20, 1960.

H. M. Brock & Sons, Harlan, and Harry B. Miller, Lexington, for appellant.

James S. Greene, Jr., Harlan, for appellee.

MOREMEN, Judge.

Appellee, Wanda Turner, who had been awarded $4,257.40 in a prior action against the driver of an automobile owned by Eugene Long, recovered judgment for that sum against the Automobile Club Insurance Company under a liability insurance policy issued to Long.

On May 30, 1956, a car driven by Johnny Brewer and belonging to Eugene Long collided with a truck driven by appellee.

On June 6, 1956, Eugene Long gave a statement about the accident to an adjuster for the insurance company in which he stated that he, Long, was the driver of the car at the time of the accident. This statement was false because Johnny Brewer was the driver at the time. The remainder of the statement apparently gave facts concerning his version of the accident from which he did not later substantially deviate.

Wanda Turner filed suit against Brewer and he was served with summons on November 2, 1956. A few days later, on November 9, 1956, Long was again interviewed by the insurance company. This time he confessed his false statement as to who was the driver of the car. It was explained that as soon as the accident occurred Brewer had recognized Wanda Turner as being the daughter-in-law of his cousin and he therefore did not wish to become involved in litigation.

The insurance company did not at this time disclaim responsibility under the policy and the parties stipulated as to the subsequent action of the company and its attorneys as follows:

"Mr. Hiram M. Brock, Jr. of Counsel for Automobile Club Insurance Company called James S. Greene, Jr., Attorney for Wanda Turner, and requested that Plaintiff's Counsel extend the time within which defendant could plead so as to permit counsel for the insurance company to determine what steps, if any, they would take in said action. Plaintiff's Counsel agreed to allow counsel for the insurance company such time as he might desire to look into the case and no further steps were taken in that action until January 25, 1957, on which date said Hiram M. Brock, Jr., notified Plaintiff's Counsel that the insurance company would take no part in the case of Turner v. Brewer and Plaintiff's Counsel could go ahead and take judgment and on said date of January 25, 1957, Default Judgment in favor of Plaintiff was granted by the Court."

Default Judgment was taken on January 25, 1957, in the amount above named.

The policy contained the standard provision under which the insurance company undertook to pay on behalf of the insured all sums which the insured became legally obligated to pay. See United States Fidelity & Guaranty Company v. Hall, 237 Ky. 393, 35 S.W.2d 550; and Maddox v. Grauman, Judge, Ky., 265 S.W.2d 939, 41 A.L.R.2d 964.

Appellee filed this suit to recover judgment against the insurance company for the amount which she had been awarded in her suit against Brewer.

Appellants pled, inter alia, the provisions of the policy which require that insured shall cooperate with the company and, upon the company's request, attend hearings and trials and otherwise assist in the conduct of a lawsuit.

We agree with appellant that under the "omnibus clause" Johnny Brewer was the "insured" and as such owed the same duty to cooperate with the assurer as would have the named insured if he had been driving the car at the time of the accident.

The trial court properly limited the introduction of evidence as to lack of cooperation on the part of Brewer to that which may have occurred prior to the time the insurance company made its election to deny liability under the policy and refused to defend the original action. The insurance company's evidence on this point was given by counsel for the company who stated he had sent Brewer a registered letter some forty days after summons was served in the original action and requested Brewer to come to his office and that although he had received a purportedly signed return receipt, Brewer did not come to his office. The letter set out that unless the company received his cooperation it would be materially damaged in its efforts to defend the suit, and pointed out that there was a possibility that the policy might be cancelled. He also wrote to Long and suggested that he get hold of Brewer and come to his office. Counsel also testified that he had made a trip to the neighborhood where he understood Brewer lived and tried to find him, but was unsuccessful. He made a telephone call to an acquaintance in the same neighborhood for the same purpose, but was unable to get in contact with Brewer.

Brewer testified that no one for the insurance company ever came to see him or requested that he aid in the defense of the claim made by Wanda Turner, that he had received no correspondence from anyone on behalf of the insurance company.

The trial court submitted to the jury the question of fact as to whether there was a failure of cooperation on the part of Brewer and Long. The instructions will be discussed later in the opinion.

■■ Appellant also relied upon the defense that there was such active fraud on the part of the appellee, Brewer, and Long as to deny her the right to recover. This was based upon the idea that appellee's suit was by nature properly a suit in equity and she had not come into court with clean hands. In this connection and also in connection with the argument made that a jury should not be impaneled at all, it is insisted Wanda Turner's suit is in fact a suit for specific performance cognizable only in equity. We think it unnecessary to cite authority for support of the proposition that this is not a suit for specific performance, but is a simple action at law for breach of contract. The action on her part which may have soiled her hands was her acquiescence in Long's statement that he was driving. The effect of this action will be discussed in the next paragraph along with the contention that all of them were guilty of active fraud.

■ Appellant's contention that Long, Brewer and Turner were guilty of actual fraud which vitiates the contract is based on these facts: Immediately after the accident, Long, in the presence of Wanda Turner and Johnny Brewer, made the suggestion that he, Long, be named as the driver of the car, and both Long and appellee gave this false information to the adjuster for the company in a signed statement, and to a trooper of the Kentucky State Police who made the accident report. In the statement of fact above, we noted that at about the time Wanda Turner filed the original suit this statement was corrected. It is difficult to see how it could have been prejudicial to the insurance company for several reasons: (1) The company's liability for the accident would rest upon the manner in which the car was operated at the time, and not upon the identity of the driver; (2) true information was furnished long before answer was due or any steps had been taken in the case other than filing the petition; and (3) the company's withdrawal from defense of the action was based primarily upon alleged failure to cooperate rather than upon active fraud at the time of the accident. It is to be noted that neither Brewer nor Long deviated from their original version of how the accident took place. For fraud and collusion to be a valid defense, it seems that it should be of such a nature as to fix liability for the accident upon the insured driver so as to permit recovery on the insurance policy when in fact there was no liability on the part of the insured.

The evidence indicates that Brewer was on the wrong side of the road and his testimony that he swerved in order to avoid children on his side of the road is weakened by the testimony of other witnesses. We find no prejudice to the insurance company because of the original false statement made.

■ Finally insurer complains that the instructions were not proper. This is based upon the idea that the instructions do not set a standard for assistance and cooperation by the insured by which the jury could determine whether Brewer and Long gave the assistance required. Instruction No. I reads:

"The insurance policy sued upon in this action covered any person operating the automobile of E. H. Long with the permission of E. H. Long, and, therefore, as the evidence shows that Johnny Brewer was driving said automobile with the consent of E. H. Long the defendant was subject to liability under the terms of the policy.

"Now, if the jury believe from the evidence that E. H. Long correctly stated the facts, as to the accident, to the defendant or any of its representatives in ample time for the defendant to have made an investigation of the facts and the preparation of the defense of Johnny Brewer in the case of Wanda Turner against Johnny Brewer, and in all other respects E. H. Long and Johnny Brewer gave to the defendant, or any of its representatives, such assistance and cooperation as was

demanded of them, then the law is for the plaintiff and you shall so find.

"If you find for the plaintiff you will return a verdict for her in the sum of $4,257.40.

"Unless you so believe you shall find for the defendant."

We believe this instruction is certainly fair to the insurance company because it seems to place the unlimited duty upon Brewer and Long to give every type assistance demanded of them and we believe it to be more favorable to the insurance company than is necessary. The same comment may be made of Instructions Nos. II and III because in each one instead of limiting the duty to certain standards as suggested by appellant, the instructions convey the impression that Brewer and Long might be required to do even more, upon the company's request, than that which is reasonable.

We believe that appellant obtained a fair trial and the judgment is affirmed.