BEAN, Respondent v. BEST, Appellant

(80 N.W.2d 565)

(File No. 9610.  Opinion filed January 23, 1957)

**Whiting, Lynn & Freiberg,** Rapid City, for Defendant-Appellant.

**Bangs & McCullen, Joseph M. Butler,** Rapid City, for Plaintiff-Respondent.

RENTTO, J. In this case the defendant, a county sheriff, is being sued for damages arising out of a false arrest and imprisonment. He was insured against such liability under a group insurance policy. Before trial he was ordered to obtain and produce a copy of the master policy under which he was so insured and to permit the plaintiff to inspect it. His appeal from this intermediate order is prosecuted pursuant to permission granted as provided in SDC 33.0704-33.0707.

This method of discovery is provided for in SDC 36.0601. That section, so far as here material, is as follows:

> **"Discovery, production, copying, photographing, surveying: motion for; order of court.** Upon motion of any party showing good cause therefor and upon notice to all other parties, the court in which an action is pending may:

> "(1) Order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control."

In adopting this section in 1939 we copied Rule 34 of Federal Rules of Civil Procedure, 28 U.S.C.A. Our statute remains unchanged while Rule 34 has undergone substantial liberalizing amendment.

In support of her motion plaintiff alleged that the policy of insurance she wanted produced "is relevant and material to this action in that it may contain policy provisions which may afford the plaintiff rights of which the plaintiff, if inspection is not allowed, would not be able to avail herself. For the further reason that it is necessary that said insurance policy be produced in order that the plaintiff

might properly prepare and re-search this matter in connection with the voir dire examination of the jury. For the further reason that if in the event the plaintiff receives and obtains a judgment in her action against the defendent, Glenn Best, she intends to recover the amount of said judgment under such insurance policy or as much thereof as said policy will permit."

It should be noted that the order may be issued only upon good cause shown and is limited to the production of "designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action". Appellant's contention on this appeal is that the document which he was ordered to produce does not "constitute or contain evidence material to any matter involved in the action". Respondent in support of the court's action contends that the quoted language is not controlling.

██ She is asking us to make this specific language more general in its application by construing it and SDC 36.0505 as being in pari materia. That section makes provision for discovery by deposition and provides that: "the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action". While both of these sections are a part of our discovery procedure each concerns a different specific phase thereof. We agree that our rules concerning discovery should be liberally construed. However, we are unwilling by construction to alter the scope of any phase by reading into it the scope provided by another rule for a different phase. Each rule spells out the scope of its operation and it is within that area that the doctrine of liberal construction applies. What plaintiff wants us to do to SDC 36.0601 by construction was done in Federal Rule 34 by amendment.

██ The amendment referred to has made Federal Rule 34 much more liberal than our corresponding rule SDC 36.0601, respecting the documents or objects whose production may be ordered under the rule. This liberalization was accomplished by extending the scope of the examination un-

der Federal Rule 26(b), the deposition—discovery rule, and then making that scope the criterion of documents or objects subject to production under Federal Rule 34. In view of this, federal decisions concerning the amended rule are not too helpful in our decision of the question before us. Rather, it is our view that decisions construing Federal Rule 34 before its amendment—when it was the same as our present statute, are significant.

██ Concerning these cases Alexander Holtzoff had this to say, "A majority of the courts passing on the matter have held that the discovery permitted by Rule 34 may be had only in respect to a document which constitutes admissible evidence or which contains such evidence and may not be extended to documents which may furnish leads for obtaining evidence. The application must contain facts making the necessary showing. A statement of a mere conclusion is not enough. An indication of a reasonable probability that the documents or objects constitute or contain material evidence, is, however, sufficient." Mich.L. Rev., Vol. 41, p. 218. See also cases cited following Federal Rule 34 in 28 U.S.C.A. and in Federal Rules Digest, Vol. 2. This, we think is the proper construction of our rule as set out in SDC 36.0601.

██ It is clear from the plaintiff's showing that the requested document does not constitute or contain evidence material to any matter involved in the action. In fact, as we understand her position, she does not claim that it does. Since it does not satisfy the evidential requirements of SDC 36.0601, its production and inspection could not be required in a proceeding under that section. Plaintiff's suggestion that the policy may afford her rights of which she would not be able to avail herself unless she is permitted to inspect it, does not concern the pending lawsuit. Rather, it concerns a subsequent suit against the insurer—if she prevails in this one. This observation applies also to her assertion as to how she intends to enforce her anticipated judgment. McClure v. Boeger, D. C., 105 F.Supp. 612.

Recent cases concerning the question here involved and matters related thereto are collected in a note in 41 A.L.R.2d 968. They are not particularly helpful because they

concern rules that are different than ours. However, it is interesting to note that cases under rules much more liberal than ours are in accord with our conclusion. McNelley v. Perry, D.C., 18 F.R.D. 360; Jeppesen v. Swanson, 243 Minn. 547, 68 N.W.2d 649. A case note in Minnesota Law Review, Vol. 40, at p. 183, reviews many of these cases and comments favorably on the decision in the Jeppesen case. See also Balazs v. Anderson, D.C., 77 F.Supp. 612.

We have carefully considered the cases relied on by the plaintiff but feel that they concern questions and factors not present in this case. In Superior Ins. Co. v. Superior Court, 37 Cal.2d 749, 235 P.2d 833, the application was under a statute authorizing the perpetuation of testimony—similar to SDC 36.0524. That type of proceeding does not involve the question here presented. Brackett v. Woodall Food Products, D.C., 12 F.R.D. 4, involved a motion under Federal Rule 34 in its present liberalized form. It concerned a policy of automobile insurance. Significantly the court placed strong emphasis upon the recent legislative trend to require operators of motor vehicles to provide such protection in prescribed amounts. This trend is of no significance here. The defendant in this case is a public official who is required by law to furnish a surety bond which is a public record.

Maddox v. Grauman, Ky., 265 S.W.2d 939, 41 A.L.R.2d 964, criticized in Nebraska Law Review, Vol. 32, p. 106, arose out of questions concerning automobile liability propounded in the course of a discovery deposition had under a statute substantially the same as Federal Rule 26(b) in its present liberalized form. This rule now provides that: "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence".

Reversed.

All the Judges concur.