## Howell v. Spatz

*Smillie, Bean, Davis & Tredinnick,* for plaintiff.
*Duffy, McTighe & McElhone,* for defendant.

GROSHENS, J., June 25, 1958.—On January 30, 1958, the court allowed plaintiff's motion for inspection of documents under Pa. R. C. P. 4009(1) for the inspection of insurance policies covering defendants against public liability and property damage in effect on August 17, 1956, the date of an automobile accident in which plaintiff's decedent was killed. On February 10, the court granted defendants' motion for a rule to show cause why a protective order should not be entered and directed argument thereon before the court en banc.

The question is: Are public liability and property damage insurance policies proper subjects of discovery and inspection in a trespass case under our Rules of Civil Procedure?

The pertinent rules with which we are concerned are as follows:

"Rule 4007. Discovery. Depositions. Scope of Examination. Notice.

"(a) Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case."

"Rule 4009. Right to Inspection.

"Subject to the limitation provided by Rule 4007(a) and Rule 4011, the court, on the motion of a party may

"(1) order a party to produce and permit the inspection, including the copying and photographing, by or on behalf of the petitioner of designated tangible things, including documents, papers, books, accounts,

letters, photographs and objects, which are in his possession, custody or control; . . ."

"Rule 4011. Limitation of Scope of Discovery and Inspection.

"No discovery or inspection shall be permitted which . . .

"(c) relates to matter which is privileged or would require the disclosure of any secret process, development or research;

"(d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses; . . ."

The question whether discovery and inspection extend to insurance policies in a trespass action arising out of an automobile accident has not been decided in any reported case in Pennsylvania. The question has been answered both 'yes' and 'no' in a small number of other jurisdictions.

As our rules do not expressly refer to insurance policies, our decision must depend upon construction of the foregoing rules relating to discovery and inspection. This requires something to be said about the scope and purpose of our Rules of Civil Procedure.

The Act of June 21, 1937, P. L. 1982, as amended, 17 PS §61 et seq., empowered the Supreme Court to promulgate rules, provided, among other things, that such rules shall be consistent with our Constitution and shall neither abridge, enlarge nor modify the substantive rights of any litigant.

The Supreme Court in rule 126 directed:

"The rules shall be liberally construed to secure the

just, speedy and inexpensive determination of every action or proceeding to which they are applicable . . ."

Rule 127 provides, inter alia:

"(a) The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court.

"(b) Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing the spirit."

Rule 128 provides certain presumptions in ascertaining the intention of the Supreme Court:

"(a) That the Supreme Court does not intend a result that is . . . unreasonable";

"(c) That the Supreme Court does not intend to violate the Constitution of the United States or of this Commonwealth."

The insurance policy is a private contract between these defendants, who are private citizens, and the insurance company, which is not a public corporation, and which is not and cannot be made a party to this suit. As between plaintiff and the parties to the insurance policy, the insurance policy is privileged.

Under article I, sec. 8, of the Constitution of this Commonwealth, these defendants "shall be secure in their . . . papers . . . from unreasonable searches. . ."

The General Assembly in delegating rule-making power to the Supreme Court limited the exercise of such power to such rules as "shall be consistent with the Constitution of this Commonwealth." The General Assembly also limited the exercise of such power to such rules as "shall neither abridge, enlarge nor modify the substantive rights of any litigant."

If this plaintiff may, under the Rules of Civil Procedure, "search" the contents of defendants' private contract to help her decide upon a settlement figure for

her claim in trespass, she may, with equal propriety, "search" the contents of their private safe deposit box for the same purpose.

The contention of plaintiff in this case calls for a judicial construction which is not "consistent with the Constitution of this Commonwealth", because it would "abridge" "the substantive rights" of defendants to "be secure in their . . . papers . . . from unreasonable searches. . ." We cannot believe the Supreme Court intended that an ancient personal security should be abridged or impaired by judicial construction of judge-made rules.

Until the General Assembly impresses automobile insurance policies with a public interest, the contents of such policies are not the lawful subject of discovery or inspection under court rules.

Finally, the public liability and property damage insurance policy is utterly without evidentiary or probative value, and is entirely irrelevant to the subject matter involved in this action. It cannot possibly "substantially aid in the preparation of the pleadings or the preparation or trial of the case," as required under rule 4007(a), nor can it lead to disclosure of information which might lead to pertinent facts.

Since, under rule 131: "Rules in pari materia shall be construed together, if possible, as one rule or one chapter of rules," it is unnecessary to consider rules 4007(a), 4009(1) and 4011(c), (d) separately.

As we pointed out earlier in this opinion, the question here involved seems to be without precedent in Pennsylvania, and that the decisions in other jurisdictions are not in harmony. For reasons already stated, we prefer the holdings in an impressive line of cases exemplified in McClure v. Boeger, 105 F. Supp. 612 (1952). In refusing to permit inspection of defendants' public liability policy in an automobile accident case under rule 34 of the Federal Rules of Civil Procedure,

28 U. S. C. A., Chief Judge Kirkpatrick said, at page 613:

"I can see certain advantages to the plaintiff in knowing the extent of the defendant's coverage in an accident case, at least in a case where the defendant is otherwise judgment proof and the policy is the plaintiff's only resort for a recovery. For example, it might help the plaintiff to determine whether or not to accept an offer of settlement or to decide how much expenditure of time and money by way of preparation the case justified. However, every argument that could be made in favor of requiring the disclosure could also be made in favor of compelling a defendant in any civil case, tort or contract, to furnish the plaintiff with full information as to his financial resources, and, in the case of an individual, as to the extent of his private fortune.

"Of course, the fact that the information would not be relevant and that the fact of liability insurance could not be introduced at the trial does not necessarily forbid discovery, but whatever advantages the plaintiff might gain are not advantages which have anything to do with his presentation of his case at trial and do not lead to disclosure of the kind of information which is the objective of discovery procedure. I think that to grant this motion would be to unreasonably extend that procedure beyond its normal scope and would not be justified."

See also Brooks v. Owens, 97 So. 2d 693 (Florida, 1957) ; Jeppesen v. Swanson, 243 Minn. 547, 68 N. W. 2d 649 (1955) ; Goheen v. Goheen, 154 Atl. 393 (N. J. Cir., 1931) ; Bean v. Best, 80 N. W. 2d 565 (South Dakota, 1957), and State ex rel. Allen v. Second Judicial District Court, 245 P. 2d 999 (Nevada, 1952).

*Order*

And now, June 25, 1958, it is ordered, adjudged and decreed that the order of January 30, 1958, requiring defendants to produce and make available to plaintiff

certain insurance policies, be and the same is hereby revoked, and defendants' motion for a protective order is granted as prayed.