73 N.J. Super. 74 (1962)
179 A.2d 71
ALBERT NORDEIDE, PLAINTIFF,
v.
PENNSYLVANIA RAILROAD CO., INC., A CORPORATION DOING BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided February 26, 1962.
*75 Mr. Louis L. Forman for the plaintiff (Messrs. Forman & Forman, attorneys).
Mr. Karl R. Meyertons for the defendant (Messrs. Strong & Strong, attorneys).
WOOD, J.C.C. (temporarily assigned).
There is before this court a motion by plaintiff to compel defendant to answer (among others) the following interrogatory:
"Set forth copies of all statements made by any and all persons in connection with a certain accident involving the plaintiff which *76 occurred on November 12, 1958, at defendant corporation's railroad and freight yard and public and private parking area at Sterling Place and Murray Street, Elizabeth, New Jersey."
Defendant contends that the interrogatory calls for statements that are privileged under R.R. 4:16-2 since the statements were made "in anticipation of litigation." In other words, defendant argues that the statements are covered by the so-called "work product" doctrine.
The above rule provides in pertinent part:
"* * * The deponent shall not be required to produce or submit for inspection any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation and in preparation for trial unless the court otherwise orders on the ground that a denial of production or inspection will result in an injustice or undue hardship; nor shall the deponent be required to produce or submit for inspection any part of a writing which reflects an attorney's mental impressions, conclusions, opinions, or legal theories, or, except as provided in Rule 4:25-2, the conclusions of an expert. * * *"
The facts, briefly stated, are as follows: On November 12, 1958 plaintiff was found lying beside the tracks of defendant's railroad yard in Elizabeth with both legs severed. Plaintiff claims that he was knocked unconscious by a guard or policeman of the defendant and that, while in a state of unconsciousness or shock, he either staggered or was thrown upon the tracks and was run over by one of defendant's trains. There were no known witnesses to the accident other than, possibly, the crew of the train. In any event, the crew were the first to arrive at the scene. On the following day they made reports or statements to defendant concerning the accident. The quoted interrogatory seeks copies of those reports or statements.
Although the language of the interrogatory is broad enough to include statements made by anybody, including members of defendant's legal staff, the parties apparently treated the interrogatory as calling for only statements made by members of the crew. This court will consider it, for the purpose of this ruling, as calling for only statements or reports of the *77 train crew and of anyone else who was present at the scene and/or who has or claims to have knowledge of the circumstances pertaining to the happening of the accident. Specifically excluded from this ruling, of course, are opinions of experts, and conclusions, impressions and legal theories of counsel.
Defendant, in its memorandum of law, asserts that the statements or reports were made "under the direction" of its general attorney and that they were, therefore, made in anticipation of litigation. The affidavit of the general attorney filed in support of that assertion reads as follows (exclusive of the introductory paragraph):
"The Pennsylvania Railroad Company employs a Claim Department, which operates in every state in which the railroad does business as a carrier. The Claim Department is under my supervision. The Claim Department is under specific order from me, immediately upon the happening of any accident on defendant's right of way, to investigate the same and to take written statements for the purpose of defending litigation with respect to any accident."
It will be noted that the affidavit is in general terms only and does not state specifically that the statements sought by plaintiff were made during an investigation by the claim department or that they were made pursuant to the attorney's order or under his direction. Significantly, according to the deposition of the train conductor, the members of the crew were brought before the trainmaster (not before a representative of the claim department or before a member of the attorney's staff) to give their report of the accident.
However, for the sake of argument and for the purpose of this decision, I shall assume that the statements were obtained under general instructions from defendant's attorney and its claim department. It is certainly safe to assume also that the statements were taken with the realization that a suit might result from the accident. It does not follow from these assumptions that the statements were made in anticipation of litigation, within the meaning of the quoted rule.
*78 The above affidavit and memorandum make it clear that the statements were obtained pursuant to defendant's general practice of investigating all accidents as soon as possible after they occur. In other words, the statements were secured in the regular or normal course of defendant's business activities. Furthermore, it can hardly be doubted that the information disclosed by the investigation may be used for purposes not connected with litigation, such as, for example, increasing safety and preparing reports required by law to be filed with the Interstate Commerce Commission. It is the opinion of this court that statements or reports obtained under such circumstances are not secured in anticipation of litigation, within the meaning of the rule.
Defendant's position is that statements or reports are obtained in anticipation of litigation if they are procured with the general knowledge that a suit may follow the incident being investigated, or if, as a matter of internal policy or administrative convenience, the investigation job is assigned to the claims or legal department. To so hold would preclude discovery of any statements or reports except in hardship cases. Proper interpretation of the rule requires that discovery be allowed of all statements or reports of objective facts obtained by a party during the course of an investigation conducted as a regular practice or as a normal part of its business. See Robertson v. Commonwealth of Virginia, 181 Va. 520, 25 S.E.2d 352 (Sup. Ct. App. 1943).
Even if the statements or reports here in question be deemed to have been obtained by the defendant in anticipation of litigation, they would nevertheless, under the circumstances here present, be subject to discovery under the hardship clause of the rule. Under that clause, inspection may be allowed even of matters obtained in anticipation of litigation where denial of inspection would result in undue hardship or injustice. Defendant argues that this clause does not apply here since plaintiff has taken the depositions of the crew members. Hollander v. Smith & Smith, 10 *79 N.J. Super. 82 (App. Div. 1950), is cited in support of that argument. However, in the instant case the depositions were taken approximately three years after the accident. Memories normally fade during such an interval of time. Hence, the information contained in the depositions may be inaccurate. Moreover, it appears from a reading of the transcript of the depositions that one member of the crew was actually hostile during the examination.
Undue hardship exists whenever a party seeking discovery cannot, with due diligence, obtain the evidence from other sources and such evidence is necessary for the prosecution of that party's case. Such is clearly the situation here.
The exact question raised by this motion does not appear to have been previously decided in this State. However, in Mower v. McCarthy, 122 Utah 1, 245 P.2d 224 (1952), the Supreme Court of Utah had occasion, in a situation similar to that here involved, to apply a rule identical in substance to ours. That court required the defendant to permit plaintiff to inspect and copy a transcript of testimony taken when defendant was investigating a train derailment which caused the death of plaintiff's decedent. The transcript contained statements of the train crew and of other employees who had inspected the equipment and facilities involved in the accident shortly before or after the occurrence thereof. The court based its decision on the hardship clause of the rule without passing upon the question whether the investigation was conducted in anticipation of litigation. There, as here, a long time had elapsed since the happening of the accident; and the information obtained by depositions appeared inadequate.
For the foregoing reasons the motion is granted. An order may be submitted accordingly.