404 P.2d 589

**Floyd V. SANDERS, Plaintiff-Respondent,**

v.

**Walter Earl AYRHART, Defendant-Appellant.**

No. 9408.

Supreme Court of Idaho.

July 28, 1965.

Benoit & Benoit, Twin Falls, for appellant.

Murphy, Schwartz & Cunningham, Shoshone, Richard H. Seeley, Jerome, for respondent.

Elam, Burke, Jeppesen & Evans, Boise, amicus curiae.

Merrill & Merrill, Pocatello, amicus curiae.

Hepworth & Nungester, Buhl, amicus curiae.

Kramer, Walker, Pope & Plankey, Twin Falls, amicus curiae.

McQUADE, Chief Justice.

On or about June 12, 1962, while driving his automobile in the State of California, defendant was involved in an automobile collision. Plaintiff's wife, who was a passenger in defendant's automobile at the time, was killed. Plaintiff commenced this action for damages for her death.

Attorneys for plaintiff served written interrogatories upon the defendant, which interrogatories were calculated to elicit information as to: (1) the coverage and limits of defendant's liability insurance policy, if one existed; (2) names and addresses of any witnesses to the accident; (3) any investigation of the accident made by the defendant or anyone on his behalf; (4) statements made by witnesses to such investigator; (5) photographs taken at the scene of the accident or of the automobiles involved. Defendant objected to these in-

terrogatories. Upon a hearing of these objections, they were overruled by the trial court. The day after this hearing plaintiff's attorney took defendant's deposition, wherein oral interrogatories similar to the written interrogatories were directed to the defendant. Upon advice of his attorney, the defendant refused to answer. There was no showing at that time by the plaintiff as to undue hardship or an injustice (I.R.C.P. 26 [b]).

Plaintiff then moved that defendant be compelled to answer both the written and oral interrogatories. After a hearing the trial court issued an order compelling defendant to answer the interrogatories. The defendant, again on advice of counsel, refused to comply with said order. The trial court thereupon held the defendant in contempt of court.

From the order of the district court adjudging defendant in contempt of court, this appeal is taken.

■ The first issue presented by the defendant's assignments of error is whether defendant's liability insurance coverage is discoverable under Idaho Rules of Civil Procedure. Plaintiff sought by interrogatories Nos. 27 and 29 to elicit information to determine if defendant has casualty insurance and if so, the limitations thereof. I.R.C.P. 33,[1] inter alia, provides that the

1. "Rule 33. Interrogatories to parties.— Any party may serve upon any adverse party, who has been served with process or who has appeared, written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party. Interrogatories may be served after commencement of the action and without leave of court, except that, if service is made by the plaintiff within ten days after such commencement, leave of court granted with or without notice must first be obtained. The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them; and the party upon whom the interrogatories have been served shall serve a copy of the answers on the party submitting the interrogatories within fifteen days after the service of the interrogatories, unless the court, on motion and notice and for good cause shown, enlarges or shortens the time. Within ten days after service of interrogatories a party may serve written objections thereto together with a notice of hearing the objections at the earliest practicable time. Answers to interrogatories to which objection is made shall be deferred until the objections are determined.

"Interrogatories may relate to any matters which can be inquired into under rule 26(b), and the answers may be used to the same extent as provided in rule 26(d) for the use of the deposition of a party. Interrogatories may require as a part of or with the answers a listing of the names of persons having knowledge of the relevant facts whom the party interrogated may call as a witness at the trial. Interrogatories may be served after a deposition has been taken, and a deposition may be sought after interrogatories have been answered, but the court, on motion of the deponent or the party interrogated, may make such protective order as justice may require. The number of interrogatories or of sets

interrogatories "may relate to any matters which can be inquired into under rule 26 (b)[2]." It is well settled that under Federal Rule of Civil Procedure 26(b), upon which I.R.C.P. 26(b) is patterned, relevancy to the subject matter is the basic test as to discoverability. 2A Barron and Holtzoff, Federal Practice and Procedure, § 647 (Wright ed.); 4 Moore, Federal Practice, p. 1175 (2d ed.), and cases cited therein. Therefore, although the discovery rules have liberalized the scope of examination before trial, we follow the rule that relevancy is the test, whether a party may be required to answer questions propounded by an opposing party.

■  The cases upholding discoverability of insurance coverage do so in the main on the basis that relevancy under the discovery rules has an expanded meaning and since knowledge of the policy limits by the plaintiff would lead to more purposeful discussions of settlement such knowledge is relevant to the subject matter. Novak v. Good Will Grange No. 127, Patrons of Husbandry, Inc., 28 F.R.D. 394 (D.Conn.1961); Johanek v. Aberle, 27 F.R.D. 272 (D.Mont. 1961); Schwentner v. White, 199 F.Supp. 710 (D.Mont.1961); Superior Ins. Co. v. Superior Court, 37 Cal.2d 749, 235 P.2d 833 (1951); Laddon v. Superior Court, 167 Cal. App.2d 391, 334 P.2d 638 (1959); Maddox v. Grauman, 265 S.W.2d 939, 41 A.L.R. 2d 964 (Ky.1954); People ex rel. Terry v. Fisher, 12 Ill.2d 231, 145 N.E.2d 588 (1957); Lucas v. District Court, 140 Colo. 510, 345 P.2d 1064 (1959). Those cases denying

of interrogatories to be served is not limited except as justice requires to protect the party from annoyance, undue expense, embarrassment, or oppression. The provisions of rule 30(b) are applicable for the protection of the party from whom answers to interrogatories are sought under this rule."

2. "Rule 26(b). Scope of examination.— Unless otherwise ordered by the court as provided by rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject-matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. Nor is it ground for objection that the examining party has knowledge of all the matters as to which testimony is sought. The deponent shall not be required to produce or submit for inspection any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation and in preparation for trial unless the court otherwise order on the ground that a denial of production or inspection will result in an injustice or undue hardship; nor shall the deponent be required to produce or submit for inspection any part of a writing which reflects an attorney's mental impression, conclusions, opinions, or legal theories, or, except as provided by rule 35 the conclusions of an expert."

discoverability do so on the basis that it is not "relevant to the subject-matter." McClure v. Boeger, 105 F.Supp. 612 (E.D. Pa.1952); Flynn v. Williams, 30 F.R.D. 66 (D.Conn.1958); Langlois v. Allen, 30 F.R. D. 67 (D.Conn.1962); Jeppesen v. Swanson, 243 Minn. 547, 68 N.W.2d 649 (1955); Bean v. Best, 76 S.D. 462, 80 N.W.2d 565 (1957); Brooks v. Owens, 97 So.2d 693 (Fla.1957); Di Pietruntonio v. Superior Court, 84 Ariz. 291, 327 P.2d 746 (1958); State ex rel. Bush v. Elliott, 363 S.W.2d 631 (Mo.1963); State ex rel. Hersman v. District Court, 142 Mont. 139, 381 P.2d 799 (1963).

We feel these latter cases present the better reasoning and we are particularly impressed with the following language from Jeppesen v. Swanson, supra:

"It would seem to us that, even though the discovery is not to be limited to facts which may be admissible as evidence the ultimate goal is to ascertain facts or information which may be used for proof or defense of an action. Such information may be discovered by leads from other discoverable information. The purpose of the discovery rules is to take the surprise out of trials of cases so that all relevant facts and information pertaining to the action may be ascertained in advance of trial. Where it is sought to discover information which can have no possible bearing on the determination of the action on its merits, it can hardly be within the rule. It is not intended to supply information for the personal use of a litigant that has no connection with the determination of the issues involved in the action on their merits. Balazs v. Anderson, D.C.N.D.Ohio, 77 F.Supp. 612." 68 N.W.2d at page 656.

While acknowledging the practical utility that the knowledge of insurance coverage offers a plaintiff in evaluating his claim, the court in the Jeppesen case points out:

"Under the guise of liberal construction, we should not emasculate the rules by permitting something which never was intended or is not within the declared objects for which they were adopted. Neither should expedience or the desire to dispose of lawsuits without trial, however desirable that may be from the standpoint of relieving congested calendars, be permitted to cause us to lose sight of the limitations of the discovery rules or the boundaries beyond which we should not go. If, perchance we have the power under the enabling act to extend the discovery rules to permit discovery of information desired for the sole purpose of encouraging or assisting in negotiations for settlement of tort claims, it would be far better to amend the rules so as to state what may and what may not be done in that field than to stretch the

present discovery rules so as to accomplish something which the language of the rules does not permit." At page 658.

■■ The second issue presented by this appeal involves the discoverability of statements of witnesses obtained by someone acting on behalf of the defendant. There appears to be some confusion on the part of the trial court and the attorneys as to which was the proper rule under which plaintiff should have proceeded. Defendant contended that inasmuch as plaintiff was seeking copies of written statements in defendant's possession, custody or control, I.R.C.P. 34 [3] was the proper rule since it pertains to inspection of documents, papers, books, accounts, letters, photographs or objects or tangible things. An examination of the rules shows that I.R.C.P. 26(b) has a specific provision pertaining to "writings" prepared in anticipation of litigation. The scope

of examination under I.R.C.P. 33 is the same as that under I.R.C.P. 26(b). Plaintiff was correct in proceeding under I.R.C.P. 33; however, the propriety of his interrogatories must be determined by the provisions of I.R.C.P. 26(b).

I.R.C.P. 26(b) differs from its federal rule counterpart in that the restrictive or protective amendment to Federal Rule 30 (b), suggested by the Advisory Committee [4] in 1946, was incorporated into it. The pertinent part of I.R.C.P. 26(b) reads as follows:

"The deponent shall not be required to produce or submit for inspection any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation and in preparation for trial unless the court otherwise order on the ground that a denial of production or inspection will result in an injustice or

---

3. "Rule 34. Discovery and production of documents and things for inspection, copying, or photographing.—Upon motion of any party showing good cause therefor and upon notice to all parties, and subject to the provisions of rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by rule 26(b) and which are in his possession, custody, or

control; or (2) order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying, or photographing the property or any designated object or operation thereon within the scope of the examination permitted by rule 26(b). The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just."

4. Advisory Committee Notes. See 3A Barron and Holtzoff, Federal Practice and Procedure, pp. 526–530 (Wright ed.)

undue hardship; nor shall the deponent be required to produce or submit for inspection any part of a writing which reflects an attorney's mental impression, conclusions, opinions, or legal theories, or, except as provided by rule 35 the conclusions of an expert."

The effect of this provision is to extend a qualified immunity to any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor or agent in anticipation or in preparation for trial. In addition it provides for immunity for the mental impressions, conclusions, opinions, or legal theories of an attorney and conclusions of experts. In determining the extent of this qualified immunity, the key words are "injustice or undue hardship." Ordinarily the rules allow discovery as a matter of course without any showing or an order of the court[5] except for I.R.C.P. 34, which requires a showing of good cause, and the provision of I.R.C.P. 26(b), which requires a showing of injustice or undue hardship. It is for us to construe what the Advisory Committee intended when we adopted the phrase "injustice or undue hardship."

In Dean v. Superior Court, 84 Ariz. 104, 324 P.2d 764, at page 770, 73 A.L.R.2d 1 (1958), that court, in discussing good cause as required by Rule 34, stated:

"We think the better view is that if the witnesses themselves are available to the party and can be interrogated or examined by him, there will ordinarily be no occasion for ordering production of their statements. Hence, a showing will usually be required that the witnesses are no longer available, or that the witnesses, even though they can be located, are hostile and will not furnish information to the party, or that for some other reason the information sought cannot be obtained elsewhere in spite of diligent effort."

In Mower v. McCarthy, 122 Utah 1, 245 P.2d 224, at page 231 (1952), the court, in discussing undue hardship or injustice as required by Utah's Rule 30(b), stated:

"Prejudice, hardship or injustice is sufficiently shown under the circumstances of this case, where the party seeking discovery is, with due diligence, unable to obtain evidence of some of the material facts, events, conditions and circumstances of the case which the discovery will probably reveal, and that on account of such showing such party is unable to adequately prepare the case for trial."

Also see Nordeide v. Pennsylvania R. R. Co., 73 N.J.Super. 74, 179 A.2d 71 (1962). While we do not wish to be construed as

5. See Rules 26, 31, 33 and 36 except as modified by the protective provision of Rule 30(b).

establishing a rigid rule, we conclude that the above definitions set out acceptable guidelines to determine the showing necessary under I.R.C.P. 26(b) and 34.

■ In reference to the interrogatories which sought discovery of the content of any statement made by any witness, the trial court differentiated between those asking for a haec verba recitation of statements and those asking for copies of such statements. The trial court correctly refused discovery of the latter since the necessary "good cause" had not been shown. However, the trial court erred when he ordered the defendant to answer the former by giving the content of such statements in a general nature. The protective provision of I.R.C.P. 26(b) refers to "any writing" and the answer to this interrogatory would not be such a "writing." However, if I.R.C.P. 26(b) is to be effective in protecting the "writing[s] obtained or prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation and in preparation for trial," the scope of the provision must be extended so as to prevent the moving party from extracting the general nature of such statements by the use of interrogatories. Therefore, defendant will not be required to answer interrogatories 13 and 22 in any degree whatsoever.

■ The remaining interrogatories are concerned with names and addresses of witnesses contacted by the defendant, his attorney or his indemnitor; the existence and location of any photographs of the scene of the accident; and whether defendant or his attorney had copies of the police report of the accident. Defendant argues that these interrogatories are an intrusion into the work product of defendant's investigators and attorney and therefore improper. Defendant's position is not well taken. The questions are of a preliminary nature designed to determine whether information protected by I.R.C.P. 26(b) is available. In State ex rel. Pete Rhodes Supply Co. v. Crain, 373 S.W.2d 38 (Mo. 1963), the court, in interpreting a rule similar to I.R.C.P. 26(b), held that names and addresses of witnesses to an accident known by a party or his attorney did not involve the "work product" of his counsel. The trial court did not err in requiring defendant to answer these interrogatories without a showing of undue hardship or injustice.

In summary we find that the trial court was correct in ordering defendant to answer the requested written interrogatories, except for interrogatories 13, 22, 27 and 29.

The order of contempt is reversed and the cause is remanded for further proceedings consonant with the foregoing opinion. Costs to appellant.

McFADDEN, TAYLOR, SMITH and KNUDSON, JJ., concur.