768 P.2d 800

**Larry WISEMAN and Freda Wiseman, husband and wife, Plaintiffs–Appellants,**

v.

**David SCHAFFER, dba Schaffer Towing, Defendant–Respondent.**

**No. 17103.**

Court of Appeals of Idaho.

Jan. 23, 1989.

Russell J. Gallagher, Coeur d'Alene, for plaintiffs-appellants.

Jeffrey A. Child of Child & Fisher, Coeur d'Alene, for defendant-respondent.

## SUBSTITUTE OPINION

The Court's prior opinion dated December 30, 1988, is hereby withdrawn.

### SWANSTROM, Judge.

Larry and Freda Wiseman sued David Schaffer, alleging that he committed a tort when, without authorization, he towed their pickup to a location where it ultimately was stolen. A jury in the magistrate division found for Schaffer and a judgment dismissing the Wisemans' action was entered. The judgment was affirmed on the Wisemans' appeal to the district court. Appealing further, the Wisemans contend (1) that the magistrate abused his discretion by permitting two witnesses, who were not timely disclosed, to testify for Schaffer and (2) that the jury verdict was not supported

by the evidence. We vacate in part and we remand for a new trial.

The essential facts are as follows. The Wisemans left their Ford pickup parked at the Ross Point Husky Truck Stop in Post Falls, Idaho, while they were doing some long haul trucking. During their absence an imposter, identifying himself as Larry Wiseman, telephoned Schaffer and asked him to tow the Ford pickup at the Husky Truck Stop to the yard of a local welding shop. The imposter told Schaffer that $30 for the towing charge had been left on top of the sunvisor in the pickup. Schaffer located the pickup and the cash. He then towed the pickup to the welding shop as directed. Sometime later, the pickup was stolen.

The Wisemans filed this action alleging trespass or conversion, and negligence on the part of Schaffer. Through interrogatories the Wisemans asked Schaffer to list the names and addresses of witnesses he intended to call at trial. Schaffer first responded that he did not yet know who he would call as witnesses. Three days prior to trial Schaffer filed a supplemental response objecting to the discovery request on the ground that such information was his attorney's work product. However, about the same time Schaffer disclosed the identity of two tow truck operators he intended to call as witnesses. At a hearing on the morning of trial the magistrate ruled that Schaffer's witnesses could testify, despite the Wisemans' objection that the late disclosure was prejudicial.

When a case comes to us from an appellate decision of the district court, we independently review the trial record. Further applicable standards of review depend on whether the issue presented is one of law, fact or discretion.

## SCHAFFER'S WITNESSES

■ Preliminarily, we address the question whether the identity of each witness used by Schaffer was discoverable. Pursuant to Rule 26(b)(1), I.R.C.P., a party may discover "the identity and location of persons having knowledge of any discoverable matter." Our Supreme Court has held that the identity of each witness is discoverable and is not the work product of an attorney. *Sanders v. Ayrhart*, 89 Idaho 302, 404 P.2d 589 (1965). At times relevant here, Rule 26(e)(1)(B) imposed on a party the duty to seasonally supplement discovery responses with respect to questions directed to "the identity of each person expected to be called as a witness at trial...." Therefore, the identity of Schaffer's witnesses were discoverable. Effective July 1, 1988, Rule 26(e)(1) was amended with respect to disclosure of nonexpert witnesses. However, that amendment is not applicable to the instant case.

■ We next examine whether the magistrate abused his discretion in admitting the testimony of Schaffer's witnesses. Rule 26(e)(4) empowers a trial court to exclude testimony offered by a party who fails to timely supplement a response to discovery. Imposition of this sanction rests in the sound discretion of the trial court. In making its decision on whether to impose a sanction, the trial court should request an explanation of the late disclosure, weight the importance of the testimony in question, determine the time needed for preparation to meet the testimony, and consider the possibility of a continuance. *Viehweg v. Thompson*, 103 Idaho 265, 647 P.2d 311 (Ct.App.1982).

On appeal, the Wisemans challenge only the admission of testimony from two operators of local towing businesses. Schaffer called these witnesses to defend against the negligence claim. They testified that it was not unusual for tow truck operators in the area to tow away an unattended vehicle on the basis of a telephone call authorization. The magistrate correctly perceived the issue of whether to admit the testimony as one of discretion, recognizing that the tow truck operators could be excluded from testifying because of the Wisemans' objection to the late disclosure. However, the magistrate determined that the Wisemans unduly delayed in objecting to these witnesses and that the Wisemans could not show any specific prejudice which may arise from each truck operator's testimony. Further, a continuance was not reasonable

because the Wisemans needed to get back to their trucking. Upon this record we cannot see an abuse of the magistrate's discretion. We note that the truck operators gave rather summary testimony as to the standards of tow truck operation in the local community. This brief testimony touched only upon the negligence theory of the Wisemans' action.

## JURY VERDICT

When reviewing a jury verdict on appeal, the evidence adduced trial is construed most favorably to the party who prevailed at trial and the verdict will not be set aside if supported by substantial evidence. *Krieger v. Howell*, 109 Idaho 704, 710 P.2d 614 (Ct.App.1985). However, when it appears to the reviewing court that there is no substantial evidence to support the verdict, the verdict cannot stand. A new trial is in order whenever the jury's verdict is not supported by the evidence. *E.g., Spanbauer v. J.R. Simplot Co.*, 107 Idaho 42, 685 P.2d 271 (1984).

Presumably, the jurors considered the facts and the law under both the theory of conversion and the theory of negligence when they rendered their verdict. Construing the evidence most favorably to Schaffer, including the testimony of the two tow truck operators, there is substantial evidence to support a verdict on the issue of negligence. However, a verdict for Schaffer on the issue of conversion is not supported by the evidence.

Conversion traditionally has been defined as "an distinct act of dominion wrongfully exerted over another's personal property in denial or inconsistent with his rights therein, such as a tortious taking of another's chattels, or any wrongful exercise ... over another's goods, depriving him of the possession, permanently or for an indefinite time." *Klam v. Koppel*, 63 Idaho 171, 179–80, 118 P.2d 729, 732–33 (1941) (quoting *Schlieff v. Bistline*, 52 Idaho 353, 357, 15 P.2d 726, 728 (1932)). More recently, conversion has been described as an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel. RESTATEMENT (SECOND) OF TORTS § 222A (1965) (hereinafter Restatement), *cited in Gissel v. State*, 111 Idaho 725, 727 P.2d 1153 (1986).

The trial in the present case was held before *Gissel* was decided by our Supreme Court. Neither party timely presented requested jury instructions as required by I.R.C.P. 51(a)(1). As a result, the judge at the last minute was required to prepare instructions and verdict forms enabling the jury to deal with the separate theories of negligence and conversion. Nevertheless, while the attorneys could not agree on the jury instructions, neither side has raised an issue in this appeal concerning the instructions that were given on either theory. Accordingly, in our review of the jury's verdict on the conversion issue, we will examine the evidence in light of those instructions given.

The instruction on conversion used here was patterned after Idaho Jury Instruction (IDJI) 450, which for authority relies upon *Klam v. Koppel, supra,* and other earlier cases. Under this instruction, the jury was required to determine, first, whether Schaffer exercised dominion over the Wisemans' pickup without a right to do so, and second, whether the Wisemans had been "consequently deprived of possession" of their pickup. Finally, if the foregoing two elements were found to exist, the jury had to find the "nature and extent of the damages."

The evidence shows that Schaffer exercised dominion or control over the Wisemans' pickup inconsistent in fact with the Wisemans' right of ownership. This satisfied the first element of conversion. The jury could have found otherwise only if they postulated a "right" to exercise dominion upon the consent given by the imposter. No such "right" was embodied in the jury's instructions. Indeed, the law of conversion does not relieve an actor of liability due to his belief, because of a mistake of law or fact not induced by the other, that he has the consent of the other.

Restatement § 244. Furthermore, to create liability for conversion it is not necessary that the actor intends to commit a trespass or a conversion; and the actor may be liable where he has in fact exercised dominion or control, although he may be quite unaware of the existence of the rights with which he interferes. *See* Restatement §§ 222, 223 and 224.

 The evidence shows the second element of conversion was also satisfied. Schaffer's interference with the Wisemans' right of control ultimately resulted in the loss of the Wisemans' pickup. The jury could have found otherwise only if they postulated that the deprivation of possession did not follow "consequently" from Schaffer's actions because the pickup apparently was stolen by an unknown third party. Such reasoning by the jury might have been consistent with the judge's instructions—and defense counsel's arguments—on the *negligence* theory of liability, but it was not appropriate under the conversion theory. The judge's instruction on conversion did not excuse liability if property were lost due to theft by a third party after the defendant wrongfully exercised dominion. Consequently, the jury's verdict is not supported by the evidence. The judgment must be vacated on the issue of Schaffer's liability for conversion.

On remand, we direct the trial court's attention to the *Gissel* case and the applicable sections of the Restatement. We suggest that these sources of law be used in fashioning jury instructions supplemental to, or in substitution for, IDJI 450. *See* I.R.C.P. 51(a)(2). Restatement § 222 A, for example, cited in *Gissel*, relates important factors for the jury to consider in deciding whether Schaffer's conduct amounts to conversion. If the jury affirmatively answers that question, "the measure of damages is the full value of the chattel[s], at the time and place of the tort." Restatement § 222 A, comment c.

The district court's appellate decision upholding the judgment in the magistrate division is vacated in part. The case is remanded for a new trial on the issue of conversion. Costs to the Wisemans. No attorney fees on appeal.

WALTERS, C.J., and BURNETT, J., concur.