[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is plaintiff's motion to compel production of documents relative to the above-captioned breach of contract action against the defendant insurance company. This action is brought pursuant to Rule 34 of the Rhode Island Superior Court Rules of Civil Procedure. The facts are as follows.
Facts and Travel
On September 22, 1993, Karen Mandeville (hereinafter "plaintiff") instituted this breach of contract action against the Hingham Mutual Insurance Company (hereinafter "defendant") which provided homeowner's coverage for plaintiff's Smithfield, Rhode Island residence. Plaintiff maintains that defendant refuses to pay for the damage to her residence despite a contractual obligation to do so.
Plaintiff alleges that on January 22, 1993, the roof and interior of the residence sustained damages as the result of a storm. The plaintiff submitted a claim to defendant on February 10, 1993. Defendant hired the William R. Blinn Adjusting Company (hereinafter "Blinn") to investigate the loss. Blinn discovered that the built up roof had cracked. He advised the plaintiff that the damage was due to the wear and tear of the roof and not the result of the storm. Subsequently, the defendant hired Thomas Souls Associates, Inc., a professional engineer, to inspect the property. Thereafter, plaintiff received a letter from defendant which denied plaintiff's claim. In this letter, the defendant stated that the claim was denied based on the opinions of the adjuster and the engineering firm.
On January 12, 1994, plaintiff filed a request for production of documents and specifically requested that defendant produce the report, photographs, and notes prepared by Thomas J. Souls and Associates Inc.. Defendant objects to the production of these items on the basis that these were prepared in anticipation of litigation and the qualified privilege against compelled disclosure set forth in Rule 26(b) (2) of the Rhode Island Superior Court Rules of Civil Procedure applies. In contrast, plaintiff argues that these items were prepared in the ordinary course of business and are not entitled to the privilege.
In support of its position, defendant has submitted an affidavit sworn to by the Assistant Vice-President of Claims for Hingham Mutual. In this affidavit, the Assistant Vice-President stated that Souls was hired due to plaintiff's refusal to accept the opinion of Mr. Blinn. Further, the affiant noted that it is not the ordinary course of business for Hingham to hire a professional engineer for a property damage claim until it appears that a dispute over the adjuster's findings exists and litigation may be expected. Additionally, defendant provided the affidavit of William R. Blinn. Mr. Blinn stated that he advised plaintiff of his opinion that the damage to her property was caused by normal wear and tear and was not covered under the policy. He further stated that plaintiff disagreed with his opinion and that plaintiff stated that someone must pay for the repairs.
Qualified Immunity Rule 26 (b) provides:
 26 (b) Depositions and Discovery
 (1) Scope of Examination. Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things . . .
 (2) Limitations
 A party shall not require a deponent to produce or submit for inspection any writing obtained or prepared by the adverse party, the party's attorney, surety, indemnitor, or agent in anticipation of litigation and in preparation for trial unless the court otherwise orders on the ground that a denial of production or inspection will result in an injustice or undue hardship . . .
Rule 26(b) (2) represents a modified version of the work-product doctrine enunciated in Hickman v. Taylor, 329 U.S. 495
(1947). Fireman's Fund v. McAlpine, 120 R.I. 774, 747,391 A.2d 84, 87 (1978) (citing Hickman, 329 U.S. 495). InHickman, the Supreme Court held that "trial preparation material is the work product of the lawyer and is qualifiedly immune from discovery." Cabral v. Arruda, 556 A.2d 47, 48 (R.I. 1989) (quoting Hickman, 329 U.S. at 511). The Court noted that one of the purposes of this rule was to prevent an adversary from "freeloading" on another attorney's work. Id. Our Rule sets forth absolute immunity for writing which reflects an attorney's mental impressions, conclusions, opinions but only a qualified immunity for writings obtained or prepared in anticipation of litigation and in preparation for trial and for conclusions of an expert engaged in anticipation of litigation. Fireman's Fund v.McAlpine, 120 R.I. 774, 747-748, 391 A.2d 84, 87. These qualifiedly immune materials are only discoverable upon a showing by the requesting party that access to the information is necessary to avoid injustice or undue hardship. Id. at 747, 391 A.2d at 88.
In Fireman's Fund v. McAlpine, our State Supreme Court held that the qualified privilege set forth in Rule 26(b) (2) may apply to materials which are prepared prior to the commencement of a lawsuit, when "litigation is merely a contingency." Id. at 748, 391 A.2d at 87. The court rejected the majority approach to the privilege taken by the federal courts. Id. Instead, the court adopted the rule that the privilege applies when one can reasonably assume that some action will be taken by another party. Id. at 753, 391 A.2d at 89-90; see Cabral v. Arruda,
556 A.2d at 49.
Plaintiff argues in her memorandum that the materials she is requesting were prepared in the ordinary course of business. In support of her position, plaintiff relies on Fireman's Fund,
wherein the Court recognized that an insurer can conduct an investigation of a claim in the ordinary course of business and prepare materials which are not in response to litigation. 120 R.I. at 754, 391 A.2d at 90. Plaintiff's reliance is misplaced. The case cited by the Court in support of plaintiff's contention involved a railroad accident, and the report was one which was required to be prepared by the Interstate Commerce Commission.Id., 391 A.2d at 90 (citing Nordeide v. Pennsylvania RailroadCo., 73 N.J. Super. 74, 179 A.2d 71 (1962)). The facts of the case cited in Fireman's Fund are entirely different from the facts before this Court. Id., 391 A.2d at 90.
Based upon the adjuster's opinion that the damage to plaintiff's property was not covered by the insurance policy, plaintiff's subsequent insistence that someone must pay for the damage, and defendant's affidavit, this Court finds that the defendant's hiring of a professional engineer was done in reasonable anticipation of litigation. The fact that Mr. Blinn, the adjuster, offered plaintiff a copy of the report prepared by Mr. Soles for 50% of the report fee has no hearing upon whether the defendant may assert the qualified privilege.
Once it has been determined that the information requested was prepared in anticipation of litigation, it is the burden of the party seeking production to show that "a denial of production or inspection will result in an injustice or undue hardship."Id. at 754, 391 A.2d at 90. The plaintiff failed to demonstrate any injustice or hardship which would result from denial of production in this case.
Accordingly, plaintiff's motion for production is denied.